## Case No. 15,657.

### UNITED STATES v. McCARTY.

[1 McLean, 306.] [1]

Circuit Court, D. Indiana.  May Term, 1838.

RECEIVER OF PUBLIC MONEYS—COMMISSIONS.

1. A receiver of public moneys is entitled, under the law, to one per cent. on moneys received, until the allowance shall amount to twenty-five hundred dollars, though the same shall accrue within the first six months of the year.

2. This per centum cannot be graduated, as an annual salary, to be paid quarterly. Especially this cannot be done, where the officer is changed.

3. The commission should be paid quarterly as it arises—and this payment cannot be refused by the treasury department, because the whole amount accrues the first two quarters of the year.

[This was an action at law by the United States against Abner McCarty.]

Mr. Howard, U. S. Dist. Atty.
Mr. Stevens, for defendant.

OPINION OF THE COURT. This action is prosecuted against the defendant, to recover from him a balance which remains in his hands, as late receiver of public moneys at Indianapolis. The defendant sets up in his defence that he is entitled to an allowance for his per centage, which has been rejected by the treasury department, and which, if allowed, would offset the amount claimed by the government. This case is similar in principle to the case of U. S. v. Edwards [Case No. 15,026], in Illinois, and it will be unnecessary therefore, to go at large into a construction of the acts of congress, which were examined in that case. The law gives the receiver one per cent. on the amount of moneys received, but this allowance shall not exceed twenty-five hundred dollars per year, and there is a salary of five hundred dollars annually, allowed, in addition to the above per cent. The secretary of the treasury has directed that this per centum shall be paid quarterly, the same as the five hundred dollars' salary. The salary, as a matter of course, is payable quarterly; and where the receiver continues in office the four years for which he is appointed, no great injustice is done him, by allowing the

1 [Reported by Hon. John McLean, Circuit Justice.]

per centum quarterly where the sum received exceeds the limits fixed by the law. But, even in this case, some inconvenience must arise. For if it should happen that for the first quarter of the year the receiver should not receive a sum which would amount to the limitation, he would receive less than the one-fourth part of the twenty-five hundred dollars; but if he should receive a sum, which at one per cent. would give one thousand or two thousand dollars, he receives no more than the one-fourth of the per cent. allowed for the year.

This construction, even where the receiver remains in office, neither conforms to the justice of the case, nor the letter of the law. But it does positive injustice to the receiver, where he is removed from office, or abandons his office before it expires. And this is the predicament of the present defendant. He resigned six months before his term of office closed, having received an amount, which, at the per cent. allowed, gave him the sum of twenty-five hundred dollars. Under the secretary's decision, he has been allowed but half this sum. The successor of the defendant was appointed, not to fill the vacancy of six months, but for the full term of four years. His per cent. on moneys received is calculated from the time his duties commenced, without reference to the amount of moneys received or the per centum allowed to his predecessor. It does not appear, in this case, whether any or what sum of money was received by the successor of the defendant, for the first six months of his term. And if no money was in fact received by him in his official character, then the construction of the treasury department would pay only one-half the amount allowed by law for the service rendered. The per centum cannot, with propriety, be graduated into quarterly payments, especially where the officer is changed within the year; but should be paid quarterly as the services are rendered. And if, within the first six months of the year, the per centum on moneys received shall amount to the sum limited for the year, it should be paid. The per centum is allowed on moneys received; and the service contemplated by the law is rendered where moneys are received. No provision is made for the vacuation of the office by removal, resignation or death; and the limitation does not authorize the secretary of the treasury to withhold the per centum, within the limitation, on the moneys as received.

We think, therefore, that the defendant, having received an amount which would give him, at one per cent. the full extent of his allowance, for the year, is entitled to it, though he served but half the year. The salary of five hundred dollars will of course be allowed for the portion of the year the defendant remained in office.

The jury found fifteen dollars in favor of plaintiffs. Judgment.