## Case No. 15,026.

### UNITED STATES v. EDWARDS et al.

[1 McLean, 467.][1]

Circuit Court, D. Illinois. June Term, 1839.

EVIDENCE — TREASURY TRANSCRIPT — ORIGINAL ITEMS—RECEIVER OF PUBLIC MONEYS— COMMISSIONS—SALARY.

1. A transcript from the treasury which contains sums charged in gross, as balances, is not evidence, as to such balances.

[Cited in U. S. v. Case, 49 Fed. 271.]

2. The original items on which the accounting officers acted must be stated.

[Distinguished in U. S. v. Harrill, Case No. 15,310.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

3. A receiver of public moneys is entitled to his commissions or moneys received, though he resigns or is removed from office at the termination of the first six months of the last year, covered by his appointment.

[Cited in U. S. v. McCarty, Case No. 15,657.]

4. This allowance cannot be graduated and paid quarterly, as an annual salary.

[Cited in U. S. v. McCarty, Case No. 15,657.]

At law.

Mr. Forman, U. S. Dist. Atty.
Mr. Baker, for defendant.

OPINION OF THE COURT. This action was brought on a bond given by the defendant as receiver of public moneys, to recover a balance of fifteen hundred and seventy dollars, which by the books of the treasury appeared to be due to the plaintiffs. A certified transcript from the books of the treasury department showing this balance was offered in evidence by the plaintiffs, which was objected to by the defendant's counsel, because several items in the account, amounting to more than the balance claimed, were charged as balances found due by the officers of the treasury department, and the court sustained the objection and refused to admit the transcript as evidence. The treasury officers seem to pay more regard to their own peculiar forms than to the requisites of the law or the decisions of the courts of the United States. It has long since been decided by the supreme court—[U. S. v. Jones] 8 Pet. [33 U. S.] 383—that the "act of congress in making a transcript from the books and proceedings of the treasury evidence, does not mean the statement of an account in gross, but a statement of the items, both of the debits and credits, as they were acted upon by the accounting officers of the department." In this account several balances were charged, not as reported by the receiver, but as found to be due, at different periods, on the adjustment of his accounts at the treasury. These items then are not the evidence on which the accounting officers acted, but the result of their judgment on the accounts.

Controversies frequently arise on treasury adjustments, because certain items claimed as credits are disallowed or certain debits are charged; and how can the court decide on these items if they be not stated in the transcript. The transcript must present the accounts to the court, as they stood before the accounting officers, and the judgment of the court must be given on this evidence. This transcript therefore so far as regards the sums charged as balances, is not evidence. It being suggested that there were other questions in the case, which both parties were desirous of bringing before the court, the defendants consented that the above transcript should go in evidence to the jury. From the transcript it appears that the defendant ceased to be receiver at the end of the first six months of the year in which his term of office

expired; and that he received during that period between four and five hundred thousand dollars. And the question is whether the defendant shall receive the commission of one per cent. allowed by law, on the moneys received, under the limitation provided, or whether the commission shall be graduated so as to extend over the whole year. This construction, it appears, has been given to the law by the secretary of the treasury, and consequently, the defendant having served but half of the year, he has been allowed but the sum of twelve hundred and fifty dollars for his commissions.

The first section of the act of April 20, 1818 [3 Stat. 466], provides, that "the receivers of public moneys for the lands of the United States, shall receive an annual salary of five hundred dollars each, and a commission of one per centum on the moneys received, as a compensation for clerk hire, receiving, safe keeping and transmitting, such moneys to the treasury of the United States; provided, always, that the whole amount which any receiver of public moneys shall receive, under the provisions of this act, shall not exceed, for any one year, the sum of three thousand dollars." This act adopts two modes of compensation; the one an annual salary, and the other a per cent. on moneys received, provided the commission shall not exceed twenty-five hundred dollars per annum. The salary is paid quarterly, and is limited to the time the service is performed. But the commissions depend not on the time of service, but on the amount of moneys received. And how this allowance in the present case can be graduated so as to pay the defendant only the sum of twelve hundred and fifty dollars, when the law allows him twenty-five hundred dollars, it is not easy to see. The law limits the commission to twenty-five hundred dollars within the year, but the limitation applies to the receiver who receives the commission. He shall not receive within any one year, including his salary, for his services, a sum exceeding three thousand dollars. But the law makes no provision imposing a further limitation for a fraction of a year.

There is no evidence before the court that the successor of the defendant received a dollar for the last six months of the year, covered by the defendant's appointment. He had received a sum which entitled him to the commission of twenty-five hundred dollars, and this he has a right to claim. On the resignation of the defendant he pays over the four hundred thousand dollars received within the last six months, and he is refused a credit for the commissions which the law allows him. And this is done under the supposition that his successor may receive money enough for the remaining six months of the year, to entitle him to claim the sum of twelve hundred and fifty dollars as commissions. But suppose he should receive the sum of ten, twenty, or fifty thousand dollars, what is then to be done. Shall he receive

one per cent. upon the sum thus received, and shall the balance of the commission be paid to his predecessor? This would be unjust as regards the services compensated, and in violation of the law. Why shall one individual receive one per cent., and another about one quarter per cent., on moneys received within the year. If the law admits of any graduation of the commissions, it should be made on the sums respectively received, and not in reference to the time of service. The salary has reference to the time, the commission to the amount of moneys received.

The year of the new receiver commences from the date of his appointment. And suppose that he should not receive a dollar for the first six months of the year, but for the last six months should receive a sum which would give him the full limit of the commissions allowed in any one year, could he not claim them? He is not appointed to fill a vacancy, but for the term of four years, under the law. And he is as much entitled to twenty-five hundred dollars as commissions, should one per cent. on moneys received amount to that sum, for the first year of his service, as for either of the three remaining years. And it is matter of surprise that a different construction should have been given to the law.

If the construction contended for be correct, the compensation of the successor of the defendant, as to his commissions for the first six months, must be fixed by the amount of moneys received by him within that period, and not by the sum received within the year. By graduating the allowance of commissions to quarterly payments, and giving it the character of a salary, injustice is done and the law is misconstrued.

The other items of credit claimed by the defendant, which were refused by the treasury department, were proper items of expenditure, and the jury will allow them, if the proof of disbursement be satisfactory.

The jury found a verdict for the defendant.