## Case No. 15,133.

### UNITED STATES v. FORSYTHE.

[6 McLean, 584.] [1]

Circuit Court, N. D. Ohio. July Term, 1855.

COLLECTORS OF CUSTOMS—EMBEZZLEMENT—TREASURY TRANSCRIPT—REFUSAL TO PAY OVER—OFFER TO COMPROMISE.

1. To sustain an indictment under the sixteenth section of the subtreasury law, the proof must be clear that the defendant has violated some specific provision of the act.

2. A duly certified transcript from the treasury is made evidence and declared to be, prima facie evidence of embezzlement; but where the items of such evidence have been estimated and made up from hearsay, they are not admissible.

[Cited in U. S. v. Case, 49 Fed. 271.]

[Cited in U. S. v. Swan (N. M.) 34 Pac. 534.]

3. Where the expenditures of the collector's office are greater than its receipts, to convict, the evidence must show beyond a reasonable doubt, that he has used the money or refused to pay it over, in violation of the law.

[Cited in Goodrich v. Hooper. 97 Mass. 6.]

4. An offer to make a deposit of fourteen thousand dollars, to secure the government, for any balance that might be found against him, is nothing more than a proposed compromise, to avoid the prosecution, and cannot be received as evidence of indebtment to any specific amount.

Mr. Morton, U. S. Dist. Atty.

Spaulding & Backus, for defendant.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. The defendant [James H. Forsythe] having been appointed collector of the customs for Port Miami, in the state of Ohio, gave bond and security, as the law requires, for the performance of his duty, dated 30th of September, 1848. He remained in office until the 11th of November, 1850, when he was removed, and his successor. Mr. Riley, was appointed. From the 31st of March, 1849, to the time. of his removal, one year and seven months, he made no returns, and on this ground he was removed from office, and indicted under the sixteenth section of the sub-treasury law. That section provides that if any one charged with the safe keeping of the public money and the disbursement thereof, shall convert to his own use, in any way whatever, or shall use, by way of investment in any kind of property or merchandise, or shall loan or exchange it for other funds, or deposit it in bank. or any failure to pay over or to produce the public moneys intrusted to such person, shall be held to be prima facie evidence of embezzlement, and he shall be sentenced to imprisonment, for a term not less than six months nor more than ten years, and to a fine equal to the amount of the money embezzled. And it is declared that a transcript from the books and proceedings of the treasury, shall be prima facie evidence of the balance in his hands. And it is further provided, that a refusal to pay any draft, order or warrant, whether in or out of office, of the treasurer, for any public money in his hands, shall be deemed as prima facie evidence of embezzlement.

A jury being sworn, it was proved that after his removal, being at Washington, the defendant proposed to deposit fourteen thousand dollars in the treasury to secure the payment of any amount of moneys which should be found in his hands. But the. government officers refused to receive the money for the purpose proposed. From the returns entered upon the transcript, the government would appear to owe the defendant above twelve hundred dollars. A number of witnesses were examined who paid duties to the defendant, on imported merchandise from Canada. The transcript being offered in evidence was objected to, on the ground that the items were not set down from the returns of the defendant, but were returned by his successor, from talking with the persons who had paid duties into the office. The treasury transcript is made evidence when duly certified. There is no objection to the authentication of this document, but the items of which a considerable part of it is composed, though put into the transcript, are not evidence. They were not ascertained and established by the ordinary official action of the department, and consequently

they are not evidence. Many of the items were put down by an estimate, and others had no better proof of their verity than hearsay, which is not admissible. The evidence of the payment of duties was not satisfactory, as it led to no certain result. The expenditure of the office was greater than its receipts. so that it does not appear that the money he had in his hands was greater than the sum he paid out. And the court instructed the jury, that as this was a criminal procedure, the proof must clearly show that he was guilty of appropriating money to his own use, or that he loaned it, or failed to pay it over when demanded. The transcript is no evidence for the reasons stated, nor does the parol evidence show, beyond reasonable doubt, that he has violated any specific provision of the act. The proposal by the defendant to deposit fourteen thousand dollars to secure the government in any amount that might be found due to it, was not an admission of any amount being due, but a proposal of compromise to avoid a criminal prosecution.

The prosecuting attorney has read the first section of the act of March 3, 1849 [9 Stat. 398], which declares that from and after the 30th day of June, 1849, the gross amount of all duties received from customs, from the sales of public lands, and from all miscellaneous sources, for the use of the United States, shall be paid by the officer or agent receiving the same, into the treasury of the United States at as early a day as practicable, without any abatement or deduction on account of salary, fees, costs, charges, expenses, or claim of any description whatever. This act was intended to take away all excuse from collectors to withhold payments into the treasury, under the pretense that they were responsible, as collectors, on various grounds, to individuals for services rendered, &c. This was the evil which the law was intended to remedy. And it was a regulation in civil cases and can have no direct application to the case before us. The law did not take effect, until three months after the default of the defendant is alleged to have commenced. Under the circumstances, it is not perceived how this act can have a serious or direct bearing in the case. It is not a paying office, and there is no evidence, that the defendant received any instructions upon the subject.

The jury found the defendant not guilty.