## Cox v. The City of Burlington.

1. **Public Officer**: COMPENSATION OF: MUNICIPAL CORPORATION. A city organized under a special charter abandoned its organization and re-organized under the general law; its marshal under the old charter was elected under the new and continued without interruption to discharge the duties of the office: *Held,* that it was not competent for the city council after re-incorporation to diminish the salary of the officer for the term for which he was first elected.

*Appeal from Des Moines District Court.*

SATURDAY, JUNE 17.

ON the 20th day of July, 1874, the qualified electors of the city of Burlington voted to abandon their special charter and organize under the general law, and thereupon the mayor issued his proclamation for an election of officers to be held on March 1st, 1875, being the time fixed by the law under which the electors of the city had voted to re-incorporate, for the regular annual election. The plaintiff, previous to said election, had been filling the office of city marshal, at a salary of seventy-five dollars per month, and at said election was again elected city marshal, which office he was filling at the time of the commencement of this suit. At the first meeting of the council after said election the salary of the city marshal was, by ordinance, fixed at sixty dollars per month. That amount has been paid the plaintiff for the first six months of his term, and he now brings this suit to recover the difference between what he has received and what he is entitled to, provided he is entitled to the salary which was affixed to the office of city marshal at the time of the said election. The city, for answer, sets up the abandonment of its special charter, its organization under the general law and the passage of the ordinance fixing the salary of the office of marshal at sixty dollars per month. To the answer the plaintiff demurred, on the ground that the defendant is prohibited by law from diminishing said salary during the term for which the plaintiff was elected. The court sustained the demurrer, and the defendant appeals.

*Samuel K. Tracy*, for appellant.

*Blake & Hammack* and *T. J. Trulock*, for appellee.

ADAMS, J.—Section 491 of the Code is in the following words: "The emoluments of no officer whose election or appointment is required by this chapter shall be increased or diminished during the term for which he shall have been elected or appointed."

The plaintiff, having been filling the office of marshal at a salary of seventy-five dollars per month, claims that the effect of the ordinance in question was to diminish his emoluments, and that the ordinance was therefore contrary to law and void.

On the other hand it is contended that the office to which plaintiff was elected *originated under the general law*, and was not a continuation of the office that existed under the special charter, and it is urged that if it originated under the general law, and did not exist prior to the re-incorporation, there were no emoluments to the office until fixed by the ordinance complained of.

The question as to whether the identity of the office was preserved or lost in the change of the organic law of the city is an exceedingly fine one, and one upon which it may be impossible to arrive at any satisfactory conclusion. But we do not think that the case necessarily turns upon precisely that question.

By the provisions of the very law under which the city was re-incorporated, section 438 of the Code, the special charter continued in force for a time after the said election and the offices under said charter continued also. The special charter lapped over and covered a portion of the time which was covered by the term for which the plaintiff was elected, to-wit: that time between the election and qualification of the officers. During that time, as the old offices and old officers continued, the old salaries continued. During that time the salary of the plaintiff's office was seventy-five dollars per month. During a part of the term, therefore, for which he was elected the salary of his office was seventy-five dollars per month.

At all events this must be so if the *term of office* within the meaning of the words used in the statute commenced at the time of the plaintiff's election and not at the time of his qualification.

To determine what the words mean in the place in which they are used, we must consider the objects of the provision and give them the meaning which will accomplish that object, if the words are as susceptible of that meaning as any other. The object of the provision undoubtedly was to require the council to fix each salary with reference to the office and not the officer; in other words, to exclude favoritism on the one hand and on the other hand to take from the council the power to thwart the wishes of the people by compelling an officer to resign by diminishing his salary. Now, if we so construe the provisions as to hold that the officer's term of office does not commence with his election, but with his qualification, we leave the door open for all the mischief which the provision was evidently intended to prevent. If, then, the plaintiff's term of office commenced with his election, it follows that during a part of the time covered by the new term he was discharging the duties of marshal under the special charter, and was for such time entitled to a salary of seventy-five dollars per month. This results from the very provisions of the law under which the re-incorporation was effected. We cannot hold, therefore, that the ordinance in question applied, because if we give it that effect it would reduce his salary during the term of office for which he was elected.

AFFIRMED.