## CRANE v. THE CITY OF DES MOINES.

1. **Municipal Corporations:** COMPENSATION OF POLICE. JUDGE: CONSIDERATION OF CONTRACT. A city ordinance provided that the police judge should receive in all criminal cases the same fees as justices of the peace in like cases, and also that he should receive a salary in addition thereto of three hundred dollars per annum, provided that out of it he should pay the salary of the clerk of the court; subsequently he agreed to accept the compensation fixed by the council in payment of his services if the council would by ordinance provide compensation for the clerk, which was done: *Held,*

    1. That he could not recover of the city his fees in cases where judgment was rendered against the city, decided before the passage of the ordinance, because precluded by his agreement.

    2. That he could not recover those to which he subsequently became entitled because his petition failed to show the amount of such fees.

    3. That the provision of compensation for the clerk constituted a sufficient consideration for the agreement.

### *Appeal from Polk District Court.*

### SATURDAY, OCTOBER 20.

THE plaintiff acted as police judge of the city of Des Moines from March 16, 1874, to March 20, 1876, and brings this action to recover for fees as such judge. The petition avers that the fees accrued in actions brought for the violation of city ordinances. It contains two counts. In the first, the plaintiff claims for fees in actions in which judgment was rendered against the city. In the second, he claims for fees in actions in which judgment was rendered in favor of the city, but in which he has been unable to collect the fees from the several defendants.

For answer, the defendant sets up an ordinance, Sec. 28 of which provided that, "the police judge should be entitled to receive in all criminal cases prosecuted in behalf of the State the same fees, to be collected in the same manner, as justices of the peace in like cases, and in cases prosecuted in behalf the city where judgment is rendered in favor of the city, such fees as he is entitled to in cases of the same nature when prose-

cuted in behalf the State, and in no case shall the city be liable for costs or fees."

The answer also shows that it was provided by ordinance that the police judge should in addition to the fees allowed be entitled to a salary of $300 a year, but that out of it he should pay the salary of the clerk of the police court.

The answer also shows that the plaintiff complained of the inadequacy of the salary, but agreed that he would accept the provision that had been made, in full of all claims, as provided in Sec. 28 of the ordinance referred to, if the council would by ordinance provide fees for the clerk, which was done.

The plaintiff demurred to the answer upon the ground that so much of the ordinance in regard to fees as provides that the city should not be liable for costs or fees is void for the reason it is in conflict with the statute of the State of Iowa and contrary to public policy, and without consideration. The court overruled the demurrer. Judgment for defendant. Plaintiff appeals.

*Bissell & Crane*, for appellant.

*Smith & Baylies*, for appellee.

ADAMS, J. Section 544 of the Code provides in substance that in cases prosecuted in behalf of the city the police judge **1. MUNICIPAL** shall receive such fees as the council may by ordi-**corporations: compensation** nance prescribe. The council of the defend-**of police judge: consid-** ant city prescribed fees only where judgment **eration of contract.** should be rendered in favor of the city. The plaintiff (in his first count) seeks to recover for fees in cases where judgment was rendered against the city. But he contends, and we think with much reason, that the law did not empower the city to pass an ordinance, making a distinction between the two classes of cases in respect to the fees of the police judge. The law is not only silent in regard to such a distinction, but it is evident that the provision of the ordinance operated as a standing offer of a bribe to convict in all cases. The appellant contends that the distinction should be ignored, and that the fees prescribed for one class of cases should be

Crane v. The City of Des Moines.

taken to be proper fees in all cases, the service performed by the judge being the same. In support of this position it may properly be said that we cannot presume that the city council designed to allow improper compensation in any case, or to impose upon the defendants who are convicted the costs of prosecuting defendants who are adjudged to be innocent. Whether in a proper case the appellant's theory could be sustained, we need not determine. We are of the opinion that the appellant precluded himself from claiming such fees by the agreement which he entered into respecting them. It is true that this agreement is assailed by the appellant as illegal and without consideration, but, to our mind, it is not liable to these objections. The agreement was, in substance, that if the council would provide fees for the clerk, whom the appellant had previously been paying out of his own salary, he would accept the provision that had been made for him in full of all claims, as provided in section 28 of the ordinance respecting compensation. The council did provide fees for the clerk. The ordinance making the provision was passed September 19, 1874, more than six months after the plaintiff entered upon his office. This action is brought to recover for fees which accrued during that time. In respect to those fees we do not think that the agreement was objectionable. The objection insisted upon is that the provision of the ordinance, depriving the plaintiff of fees in cases where judgment was rendered against the city was illegal, as constituting a standing offer of a bribe, and that the agreement, the effect of which was to waive the illegality, must itself be illegal. But there could be no offer of a bribe in cases in which the fees had then accrued. If the plaintiff saw fit to relinquish his claim to such fees, he did not thereby waive his objections to the provision as illegal. Indeed he could have no claim to fees to relinquish except upon the supposition that the provision which sought to deprive him of them was illegal.

As to the fees in the cases which were thereafter to be tried, if the provision in respect to them was illegal, for the reason above mentioned, it seems evident that the agreement not to claim them would be illegal for the same reason. Without

determining whether they could be recovered in a proper action, we are of the opinion that they were not recoverable in this as the pleadings stood when the plaintiff filed his demurrer to the answer. A part of the fees, as we have seen, were not recoverable by reason of the plaintiff's agreement. What portion of the fees were recoverable, if any, as being earned after the agreement was made, the petition does not show. The answer was good as to the fees earned before, and as the petition did not separate them from the others, the demurrer to the answer was properly overruled.

In reaching this conclusion we have omitted to consider one objection urged by appellant against the validity of the agreement, and that is that it was without consideration.

The answer shows that the council allowed him to retain his salary of $300 a year and provided a compensation for the clerk outside of it. This action was based upon the plaintiff's agreement. By it he was to retain more salary and obtain less fees. We see no lack of consideration to support it.

In the second count of the petition the plaintiff claims for fees in actions where judgment was rendered for the city, and the plaintiff had failed to collect them of the defendants. The ordinance providing against the payment of such fees by the city was to our mind valid.

AFFIRMED.