## J. K. P. McFALL v. CITY OF AUSTIN.

(No. 2861, Op. Book No. 4, p. —.)

APPEAL from Travis County. Opinion by WILLSON, J.

§ 450. *City engineer, salary of; city charter.* By the charter of the city of Austin, the office of city engineer is created, and it is provided that this officer shall receive a salary which shall not exceed $1,200 *per annum.* This provision does not fix the salary at any definite sum, but only prescribes the maximum of it. It remained for the city council to determine the amount of the salary, and in doing this they could fix it at any amount less than $1,200. [Love v. Mayor of Jersey City, 11 Vroom (40 N. J.), 456.]

It was evidently the intention of the framers of the charter to invest the city council with full power to regulate the salary of this officer, without restriction except as to the maximum limit. If there was any doubt of their intention to do this, arising from the language of the provision, and we think there is none, that doubt

is at once removed when we find that in the same article the salaries of all the other city officers are fixed at specific sums, and not left subject to the action of the city council. If the salary of this officer, as in the case of the other officers, had been made certain by the charter, it would then have been beyond the control of the legislative power of the city council.

§ 451. *Municipal corporation; when it may reduce or regulate the salaries of officers.* It is well settled that a municipal corporation may, unless restrained by its charter, reduce or otherwise regulate the salaries of its officers according to its views of expediency and right. [1 Dillon on Munic. Corps. 231; Love v. Jersey City, 40 N. J. L. 456; Cox v. Burlington, 43 Iowa, 612; Iowa City v. Foster, 10 Iowa, 189; Comm. v. Bacon, 6 Serg. & Rawle (Pa.), 322; Crane v. Des Moines, 47 Iowa, 105; Waldraven v. Memphis, 4 Coldw. (Tenn.) 431; Hoboken v. Gear, 27 N. J. L. 265; U. S. v. Edward, 1 McLean, 467; Butler v. Pennsylvania, 10 How. 402; State v. Davis, 44 Mo. 129; People v. Bull, 46 N. Y. 57; Bunting v. Gales, 77 N. C. 283; Hoke v. Henderson, 25 Amer. Decisions, 677, and note to that case.]

§ 452. *Officer's remedy where his salary is reduced; estoppel.* When appellant assumed the office of city engineer, to which he was elected, he did so with the knowledge that by the provision of the city charter the amount of his salary, not to exceed $1,200 per annum, was under the control of the city council. If, when the city council reduced his salary after he was elected to the office, he was dissatisfied with that action, his remedy was a simple one and easily exercised. That remedy was to resign. It was not within the power of the city government to compel him to perform the duties of the office and bear its responsibilities for a compensation he might deem inadequate. But he did not avail himself of this remedy. He continued to hold the office for the full term, receiving the reduced salary. "It will never be tolerated that a municipal officer shall receive his pay at a

fixed rate without dissent, hold his office for his full term, and at the end demand a higher rate named in some prior act.    If he was not satisfied he should have offered his resignation, and the city would have found some one to take his place for the reduced salary.    His continuance in office was an assent to the reduction of his salary, and his receipt of monthly warrants and payments during the whole term is an estoppel against any error in the mode of reduction or amount fixed," etc.    [Love v. Jersey City, 40 N. J. L. 456.]

June 20, 1883.    Affirmed.