## UNITED STATES v. CASE et al.

*(District Court, N. D. New York. February 19, 1892.)*

ACTION ON POSTMASTER'S BOND—EVIDENCE—EX PARTE SETTLEMENT OF ACCOUNTS.
  *Ex parte* accounts of officials of the post-office department, ascertaining a deficit in the accounts of a postmaster, are insufficient to support a judgment for the United States in an action on his bond, if the said officials act in a judicial and not in a ministerial capacity in arriving at the balance due.

At Law. Action by the United States against Riley W. Case on his bond as postmaster, to recover an alleged deficit in his accounts. It was tried at the term of this court held at Rochester, May 12, 1891. The plaintiff to prove its case depended solely upon statements of account made by the officials of the post-office department, and certified as required by law. It was contended on behalf of the plaintiff that these statements were sufficient to establish liability under sections 886 and 889 of the Revised Statutes, and the act of June 17, 1878, (20 St. at Large, pp. 140, 141,) which latter act provides—

"That in any case where the postmaster general shall be satisfied that a postmaster has made a false return of business, it shall be within his discretion to withhold commissions on such returns, and to allow any compensation that under the circumstances he may deem reasonable."

A verdict *pro forma* was ordered for the plaintiff, the court reserving the consideration of the defendants' objections until the hearing of the motion which was thereupon made, to set aside the verdict and for a new trial. This motion was based upon the ground, *first*, that the accounts offered did not prove a cause of action; and, *second*, that the matters in dispute between the parties had, before the commencement of this action, been fully allowed and settled. The district attorney withdraws opposition to the motion upon the authority of *U. S. v. Hutcheson, infra.* Motion granted.

  *D. S. Alexander*, U. S. Atty., and *John E. Smith* and *Frank C. Ferguson*, Asst. U. S. Attys.
  *Walter S. Hubbell* and *John Van Voorhis*, for defendants.

COXE, District Judge. The accounts offered in evidence by the plaintiff bring the defendants into debt, because the officials of the post-office department have charged the defendants in gross with "commissions illegally claimed" and "property illegally retained," without a word of proof, so far as the accounts show, to sustain the charges. These officials have tried the question at issue between the department and the postmaster, found him guilty of malfeasance, assessed the damages against him and certified their findings. The evidence, if there was any, on which these findings are based, has not been returned. There is nothing to show what the property was that the postmaster is accused of retaining improperly, or its value, or the reasons which induced the officials of the department to make the charges relating thereto. The account does not show why the commissions are illegal. It contains nothing but the unsup-

ported decree of condemnation. If this sweeping and arbitrary power is conceded to the officers of the department, they could as well have made the deficiency twice or three times as great as it is. They have only to make a charge, no matter how unfounded it may be, and have it certified, and the postmaster and his bondsmen are without remedy. Of course the foregoing suggestion is made merely by way of illustration, without intending to intimate that such abuse of power has ever taken place; in the case at bar the officials unquestionably acted with entire good faith. It is thought, however, that it was not the intention of the law that executive officers should be clothed with the power thus to usurp the province of court and jury and decide, finally and irrevocably, questions of fact upon *ex parte* and hearsay statements. Such power is not found in the sections of the statute referred to. They were intended to promote the convenience of the departments and the courts. If the original of a paper, book or account is evidence, a copy properly certified, is equally admissible. It was not the intention of congress to admit incompetent evidence under the guise of a certificate. The following authorities are in accord with these views: *U. S.* v. *Jones*, 8 Pet. 375; *U. S.* v. *Forsythe*, 6 McLean, 584; *U. S.* v. *Buford*, 3 Pet. 12; *Hoyt* v. *U. S.*, 10 How. 109; *U. S.* v. *Smith*, 35 Fed. Rep. 490; *Cox* v. *U. S.*, 6 Pet. 172, 202; *Smith* v. *U. S.*, 5 Pet. 292; *U. S.* v. *Edwards*, 1 McLean, 467; *U. S.* v. *Patterson*, Gilp. 47; *U. S.* v. *Battie*, Id. 97; *Bruce* v. *U. S.*, 17 How. 437, 440; *U. S.* v. *Eckford's Ex'rs*, 1 How. 250.

Again, it is said that the provisions of the act of June 17, 1878, which authorize the postmaster-general to withhold commissions on returns which he is satisfied are false, do not permit him to charge a postmaster with commissions on alleged false returns where the accounts have, in the due course of business, been settled and allowed. He may withhold commissions, but having allowed them, he cannot recover them without due process of law. There is great force in this position. *U. S.* v. *Hutcheson*, 39 Fed. Rep. 540; *U. S.* v. *Johnston*, 124 U. S. 237, 8 Sup. Ct. Rep. 446.

It follows that the verdict must be set aside, and a new trial granted.