[No. 1838]

## J. F. BRADLEY, RESPONDENT, *v.* ESMERALDA COUNTY, APPELLANT.

1. TAXATION—SHERIFF AND EX OFFICIO ASSESSOR—COMPENSATION.

Under the act of March 15, 1905 (Stats. 1905, p. 210), providing that the sheriff shall receive as ex officio assessor $1,200 per annum, which act did not go into effect until two and one-half months after the sheriff's term had commenced, the sheriff was not entitled to full compensation, but only the proportionate part thereof, where he had duties to perform under the act during the entire year.

2. LICENSES—COLLECTION—OFFICERS—COMPENSATION.

The general revenue act (Stats. 1891, p. 174, sec. 115, Comp. Laws, 1187) provides that the sheriff in the several counties of the state shall be ex officio collector of licenses, and section 133 authorizes him to retain six per cent of the gross amount of each business license sold as compensation. The act of March 11, 1885 (Stats. 1885, pp. 85, 88), provides, in sections 1 and 8, the compensation of a sheriff as sheriff and as ex officio assessor, which compensation shall be "in full for all services performed by himself or deputies." The act of March 19, 1891 (Stats. 1891, p. 96), provides that the compensation fixed for such offices of sheriff and ex officio assessor shall be "in full for all his services as sheriff and as ex officio assessor." The act of March 15, 1905 (Stats. 1905, p. 210), containing a general repealing clause, provides that the sheriff shall receive a fixed salary as sheriff and as ex officio assessor, and makes no mention of collector of licenses. *Held*, that the quoted clause in the act of 1885 could not be made applicable to the acts of 1905 so as to preclude compensation to the sheriff as collector of licenses, since the act of 1885 was in conflict with the acts of 1891 and 1905, and hence repealed, and especially since the office of collector of licenses has been regarded in all revenue laws as a distinct office.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Theron Stevens*, Judge.

Action by J. F. Bradley against Esmeralda County. From a judgment for plaintiff, defendant appeals. **Modified and affirmed.**

The facts sufficiently appear in the opinion.

*Augustus Tilden*, District Attorney, and *George Springmeyer*, for Appellant:

I. The Esmeralda salary act of 1905 does not allow the sheriff, as ex officio license collector, any commissions for the collection of licenses. The first and most important question

is whether the plaintiff was entitled to reserve and retain, as ex officio license collector of defendant county, six per cent of the amount of business licenses collected by him. The act of 1905 does not mention the compensation of the sheriff as ex officio license collector, and therefore he is entitled to the same compensation, if any, for such services that he received prior to the act of 1905. In the lower court counsel for Mr. Bradley strenuously urged that the compensation of the sheriff as ex officio license collector was not affected by the Esmeralda salary act of 1905 (Stats. 1905, p. 210), for the following reasons: Section 1 provides that * * * "the county officers of Esmeralda County, State of Nevada, named in this act, shall receive the following salaries and fees in full compensation for their services"; that the "ex officio license collector" is not named, and hence that act does not affect his compensation. It may be added that the repealing clause of the act of 1905 repeals only "acts or parts of acts in conflict." Counsel stated that this fact, viz: that the office of ex officio license collector was not named in the act of 1905 was of emphatic significance and should not be disregarded. We accept this proposition, but we disagree with counsel as to its application.

II. By changing the words "Eureka County" to the words "Esmeralda County" the holding in the case just cited would be made to apply precisely to the point at issue in our case. And we take it to be absolutely clear that under the general county act of 1885 the sheriff of Esmeralda County, as ex officio license collector, was not entitled to the commissions under the revenue laws. And it is just as clear that this feature was not changed by the subsequent Esmeralda County acts of 1891 and 1905. It may not be amiss here to state that in the lower court plaintiff placed much reliance upon the case of *State* v. *La Grave*, 23 Nev. 373, insisting that the facts were parallel to our case. But that is not true. There the facts were: In 1883 a law was passed allowing the clerk of the supreme court $600 a year as reporter of the decisions of the supreme court. In 1891, by the state salary law, the salary of the secretary of state was fixed at $2,400 per annum. Then in 1893, by a distinct act, the secretary of state was made ex

officio clerk of the supreme court.   The court said that "the
rule that courts are bound to uphold the prior law if it and a
subsequent one may subsist together, or if it be possible to
reconcile the two together, is well settled," and held that the
secretary of state, in addition to the $2,400 salary as secretary
of state, was entitled to the $600 for his services as ex officio
clerk of the supreme court.   That manifestly correct decision
can have no bearing on our case for the reason that there
ex officio duties for which compensation was provided were
imposed upon an officer after the passage of an act fixing the
compensation of the officer for other than ex officio duties.
In our case no additional duties were imposed upon the sheriff
after the enactment of the Esmeralda salary act of 1905, for
he had been ex officio license collector since 1865.

III.   The intention of the legislature by the act of 1905
was that the sheriff as ex officio license collector should not
receive commissions under the revenue law.   The intention
of the legislature by the act of 1905, we think, is plain, clear,
and unambiguous.   But assuming that it is not, we may have
recourse to various expedients to determine what such inten-
tion was.   The act of 1905 uses the same plan as prior
Esmeralda salary acts (and also the latter acts of 1907 and
1909), in that it makes no mention of the position of the
sheriff as ex officio license collector, but deals with him only
as sheriff and ex officio assessor.   Such prior acts, as we have
seen, did, however, deprive the sheriff of the commissions pro-
vided by the revenue laws for his services as ex officio license
collector, and it is only fair to assume that the legislature by
using, as was natural, the same plan and scheme, intended
the same result by the act of 1905.

IV.   The meaning of the statute of 1905, in that the com-
missions provided by the revenue law be not retained by the
sheriff as ex officio license collector, the principles heretofore
discussed demonstrate that the intention of the legislature by
the act of 1905 was that the sheriff as ex officio license col-
lector be not allowed the commissions under the revenue act.
Did the legislature accomplish its purpose?   We think it did,
and that the meaning of the act is clear, plain and unambigu-
ous.   But, assuming that it is not, and that resort must be

had to construction, we may apply the following doctrine:
A statute is to be construed so as to carry out the intent of
the legislature. (*Keith* v. *Quinney*, 1 Or. 364; *Ex Parte Ellis*,
111 Cal. 222; *Stout* v. *Grant Co. Commrs.*, 107 Ind. 343, 8 N. E.
222; *State* v. *Clark*, 29 N. J. L. 96; *State* v. *Wheatly*, 5 S. D. 427.
59 N. W. 211; *Maynard* v. *Johnson*, 2 Nev. 25; *State* v. *Beard*,
21 Nev. 218; cases cited in 44 Cent. Dig. cols. 2810–2811.)

V.   The sheriff as ex officio assessor is entitled to only $950
for his services as such from March 15, 1905, to January 1,
1906.   The second question presented on this appeal is
whether Mr. Bradley should receive the full salary of $1,200 as
ex officio assessor for the year 1905, although the salary act
providing that compensation did not become a law until
March 15, 1905.   The fact that Mr. Bradley performed all
services devolving upon him as assessor for the year 1905 does
not appear to be a pertinent one.   For during January and
February and until March 15th those duties devolved upon
him and he was compensated according to the provisions of
law in force before the act of March 15, 1905.   And if, for
instance, the law went into effect on December 15, 1905,
instead of on March 15, 1905, could the assessor have legally
claimed the full yearly salary of $1,200?

VI.   The lower court very properly sustained the contention
of the defendant that the plaintiff, as sheriff, is not entitled to
any fees for serving jurors or attending court.   And the claim
of plaintiff for fees aggregating $1,362.10 was by it properly
rejected.   With its conclusion upon that position we, of course,
entirely agree.

*Summerfield & Curler*, for Respondent:

I.   In *State* v. *Beard*, 21 Nev. 222, this court, in closing its
opinion, said: "Abundant scope is left for the operation of
section 133 of the revenue law, when it is held to apply only
to the sheriffs of other counties who are not paid salaries in
lieu of all other compensation." This statement of the court
is equivalent to saying that in cases where sheriffs are not
paid salaries in lieu of all other compensations they are entitled
to receive and retain the six per centum provided for in sec-
tion 133 of the revenue law.   Under the act of 1905 respond-

ent was not paid a salary in lieu of all other compensation, but, on the contrary, was only paid a salary for his official services as sheriff and as assessor, and was also authorized to receive, in addition thereto, such sheriff's fees in civil actions as are now provided by law. It thus appears that by reason of the plain meaning of the language quoted from the decision of this court this case is entirely unaffected by it. In short, it is apparent that appellant realizes that its contentions cannot prevail unless some existing law can be found providing that respondent's services as license collector shall be compensated for only upon the theory that they are paid in a salary or compensation provided for as payment to him as sheriff.

II. Notwithstanding the attempt of counsel for the appellant to distinguish between the case of *State* v. *La Grave*, 23 Nev. 373, and this case, we still insist that the principles stated in the La Grave decision by this court have a material bearing upon the facts in this case. It is deemed unnecessary to draw a parallel upon the facts of the two cases as it is apparent upon a mere reading thereof. For the purpose of such comparison it is only necessary to substitute "sheriff" for "secretary of state" and "collector of licenses" for "reporter of decisions," and the result is too plain to be explained away.

By the Court, NORCROSS, C. J.:

This is an action brought by the above-named respondent against the County of Esmeralda to recover a judgment in the sum of $4,565.75. The case was tried by the court without a jury, and a judgment rendered in favor of the plaintiff for the sum of $3,203.65. From this judgment the defendant county has appealed.

The respondent, at all times mentioned in the complaint, was the sheriff of Esmeralda County, and the only questions involved in the action relate to the compensation which the respondent was legally entitled to by virtue of his office of sheriff and certain ex officio offices. By an act of the legislature, approved March 15, 1905, regulating the compensation of county officers in Esmeralda County, it is provided: "Section 1. From and after the approval of this act, the county

officers of Esmeralda County, State of Nevada, named in this act, shall receive the following salaries and fees in full compensation for their services: The sheriff shall receive four thousand ($4,000) dollars per annum, and such fees, in civil actions, as are now allowed by law, and as ex officio assessor, the sheriff shall receive twelve hundred ($1,200) dollars per annum," etc. (Stats. 1905, p. 210, c. 109.) The remaining portion of the 'section refers to the compensation of other county officials and has no bearing upon the questions involved in this action. Section 2 repeals "all acts or parts of acts in conflict with the provisions of this act."

It is one of the contentions of counsel for appellant that respondent for his services as ex officio assessor for the year 1905 was not entitled to the full yearly compensation for the reason that the act did not take effect until after two and one-half months of the year had expired, and hence it was error for the court to allow the full compensation or any amount therefor in excess of $950. In support of his ruling that respondent was entitled to the full annual salary as ex officio assessor for the year 1905, the trial judge, in his opinion, quotes the following from 23 Am. & Eng. Ency. Law, 2d ed. 386: "When an officer serving for an annual salary performs his duty for the year within less than a year, he is entitled to a year's salary upon the performance of such duties, and this though the office may be abolished before the end of the year." The following cases are cited in the note to support the text quoted: *U. S.* v. *McCarthy*, 1 McLean, 306, Fed. Cas. No. 15,657; *U. S.* v. *Edwards*, 1 McLean, 467, Fed. Cas. No. 15,026; *U. S.* v. *Dickson*, 15 Pet. 141, 10 L. Ed. 689; *U. S.* v. *Pearce*, 2 Sumn. 575, Fed. Cas. No. 16,020; *Ex Parte Lawrence*, 1 Ohio St. 431.

The question involved in the federal cases cited, *supra*, was the right of the claimant to receive certain fees and percentages for the collection of public funds in addition to a small specified annual salary; the total salary, fees, and percentages not to exceed a specified amount for any one year. That these cases may be distinguished from the one at bar, a few extracts, we think, will show. In the Edwards case, *supra*, the court said: "By graduating the allowance of commissions

to quarterly payments and giving it the character of a salary, injustice is done and the law is misconstrued." In the McCarthy case, *supra*, the court reached a conclusion as follows: "We think therefore that the defendant, having received an amount which would give him, at one per' cent, the full extent of his allowance, for the year, is entitled to it, though he serves but half the year. The salary of $500 will, of course, be allowed for the portion of the year the defendant remained in office."

In the Pearce case, *supra*, the court said: "It is very clear that under this statute all the fees and emoluments (exclusive of the salary, which would be governed by other principles), actually received by any collector during his continuance of office, would belong to him for his own use, notwithstanding his subsequent removal from office within the same official year."

In the Dickson case, *supra*, it was held that, so far as the salary was concerned, it should be apportioned according to the time actually served.

In the Lawrence case, *supra*, the Ohio court, by Bartly, C. J., said: "Where the duties of a public officer, entitled to an annual salary, continue through the entire year, the salary accrues and becomes payable for the space of time only during which the duties are required to be performed; and a repeal of the law creating the office before the expiration of the year would stop the accruing compensation at the time when the duties of the office ceased; but where the duties of an officer, entitled to an annual salary, are of such a nature that all his duties for the year may be performed and completed within less time than the year, the compensation for the entire year would be payable, in case the duties required by law for the year are performed, although the office might be abolished before the end of the year, and, in such case, where there is only a partial performance before the abolishment of the office, the compensation should be apportioned to the duties performed, and not to the lapse of time."

In the case last mentioned, Lawrence was the reporter for the supreme court in bank. But one term of the court for the year was authorized. The reporter attended upon this

term and fully performed all the duties required of him by law for the entire year. It was held that he was entitled to the full annual compensation, although his office terminated by operation of law before the end of the year.

It cannot be said, under the laws of this state, that a county assessor has no duties to perform prior to the first Monday in March of each year. For example, he may be required to collect poll taxes at any time during the year. (Comp. Laws, 1178.) During the month of January he is required to investigate the proceeds of mines and assess and collect the taxes due thereon. (Comp. Laws, 1149.) Other provisions of the statute doubtless exist which require, or may require, the official services of the county assessor during every month of the year. We think therefore that the salary of respondent as ex officio county assessor should be apportioned upon the basis of $100 per month for the entire year, and that he is not entitled to collect the apportionment for the first two and one-half months of the year 1905.

The next question presented is the right of respondent to retain certain fees claimed by him as ex officio collector of licenses for Esmeralda County, amounting to the sum of $3,423.89. By the provisions of section 115 of the general revenue act of this state: "The sheriff in the several counties of this state shall be ex officio collector of licenses, as provided in this act," etc. (Stats. 1891, p. 174, c. 99; Comp. Laws, 1187.) Section 133 of the same act provides: "The sheriff, as ex officio license collector, shall receive, and is hereby authorized to retain, as compensation for the collection of licenses, six per cent of the gross amount of each business license sold." (Comp. Laws, 1205.) The office of collector of licenses is a separate and distinct office, and has been so regarded in all of the revenue acts ever passed by the legislature of this state. (*State* v. *Laughton*, 19 Nev. 202; *State* v. *La Grave*, 23 Nev. 373, 382.) The act of 1905, *supra*, fixing the salary of certain officers "named in this act," makes no mention of the office of collector of licenses, nor does it use any general words which would include it, as was the case in the statute regulating the salaries of the officers of Eureka County, construed in the case of *State* v. *Beard*, 21 Nev. 218, upon which appellants so much

rely.  This court concluding the opinion in the Beard case, *supra*, said: "Abundant scope is left for the operation of section 133 of the revenue law, when it is held to apply only to the sheriffs of other counties who are not paid salaries in lieu of all other compensation."

The contention of counsel for appellant that the provisions of sections 1 and 8 of "An act regulating the compensations of county officers in the several counties of this state, and other matters relating thereto," approved March 11, 1885 (Stats. 1885, p. 85, c. 79), is applicable to the office of sheriff of Esmeralda County, and, so far as it affects the office of collector of licenses, has not been repealed by subsequent acts, is, we think, without merit.  Section 1 of said act provides: "The following-named officers of the several counties in this state shall receive the following compensations, which shall be in full for all services and all ex officio services required by law."  Section 8 provides:  "The sheriff of Esmeralda County shall receive three thousand dollars per annum;  *  *  * the assessor shall receive two thousand dollars per annum, which shall be in full payment for all services performed by himself or deputies.  *  *  *"  By the act of March 19, 1891 (Stats. 1891, p. 96, c. 85), the sheriff of Esmeralda County was made ex officio assessor, and an annual salary *in solido* fixed at $4,000, "which shall be compensation in full for all his services as sheriff and ex officio assessor."  We think the act of 1885, *supra*, in so far as it affects the salary of the office of sheriff, or of any ex officio office attached thereto, is so far in conflict with the provisions of the said acts of 1891 and 1905 that such provisions are repealed.

It is ordered that the judgment be modified by a reduction in the sum of $250, and, as so modified, the same be affirmed, to wit, in the sum of $2,953.65.