G. H. & S. A. R. R. Co. v. JAMES McTIEGUE.

(No. 2744, Op. Book No. 4, p. —.)·

APPEAL from Kinney County.   Opinion by WHITE, P. J.

§ **457.** *Judgment void, when.* A judgment is void unless the court rendering it had jurisdiction both of the subject matter and parties to the suit. Jurisdiction of the subject matter is complete when suit has been instituted upon a cause of action coming within the defined authority of the court, and to this extent the jurisdiction is valid, though not perfect for final disposition of the case until the parties defendant have been properly brought within control of the court by means of legal· process in the manner pointed out by law. Where there is no legal service or appearance, the judgment is void. [Witt v. Kaufman, 25 Tex. Sup. 384.]

§ **458.** *Citation; unauthorized service of, and judgment by default.* Suit was instituted in justice's court. Citation for defendant issued " to the sheriff or any constable of *B*—— county," not naming any county. It was sent to, received and executed by the sheriff of Bexar county. This officer had no more authority to execute it than he would have had if it had been directed to an officer of any other named county. A citation directed to an officer of one county cannot be legally served by an officer .of another county. [Witt v. Kaufman, 25 Tex. Sup. ·384.] Most clearly the service was illegal, and no jurisdiction over the person was given the court by virtue

of it, nor was the defendant, in obedience to such void process and service, bound to appear and answer the cause of action before the justice. He did not appear, and because of his non-appearance the justice, though having acquired no legal jurisdiction, rendered judgment by default against him. Evidently this judgment was absolutely void. Subsequently defendant came and moved the court to set it aside and grant a new trial, which being overruled, he appealed. On trial in the county court the defendant moved the court to quash the citation issued from the justice's court, which was done. Defendant then interposed in the county court a plea to the jurisdiction, based upon the ground that he had not, in the justice's court, been sued in the proper justice's precinct having jurisdiction of the case. This plea was overruled.

The original cause of action was a verified account. An affidavit controverting its justice and correctness was made and filed by defendant in the county court, but that court refused to allow appellant to introduce evidence of any kind in support of his own or to controvert the sworn account of plaintiff. And without further evidence than the sworn account of plaintiff, the county court rendered judgment for the plaintiff.

§ 459. *Void service; how treated on appeal from justice to county court.* It is contended that the original citation or service in the justice's court being void, and so declared by the county court in quashing it, and that, the justice's judgment being also void for want of service, said void judgment could not sustain the appeal, and that the county court should therefore have dismissed the suit. This position is not sustained by the settled practice in this state. By our constitution it is provided that in all appeals from justices' courts there shall be a trial *de novo* in the county court. [Const. art. V, sec. 16.] This same rule of practice obtained formerly when appeals were allowable from justice's to the district court, and a similar question to the one before us came up for discussion in the supreme court, in the early case of

Perry v. McKenzie. In that case the court say: "The case went into the district court by appeal from the justice's court, and our statute is explicit that on such appeals the trial must be *de novo.* [Acts 1846, sec. 56, p. 376.] It is conclusive that after the case came into the district court it was to be tried without regard to the judgment below, and defendant could not take any exception to a defect in the service. He was before the court, and he could only set up as a defense matters that went to the merits of the action. The service, defective as it was, had the effect to bring him into court, where his rights could be tried. And we believe that he could not then take any objection to the regularity of the citation. Much indulgence is extended to the proceedings before a justice of the peace, and if the proceedings have not operated as an injury, they will be sustained. And this is well provided against by the appeal being tried *de novo.*" [4 Tex. 154.] Suppose that defendant had not appealed, but had waited the issuance by the justice of an execution on this void judgment; what would have been his remedy? Clearly an injunction to restrain its collection. But would the court have perpetuated the injunction upon the ground that the judgment was void? Not so, it seems, if the defendant, in answer to the injunction, should set up his cause of action and ask an adjudication upon it. Where a defendant in a judgment obtains an injunction to have the judgment declared void, the court will retain jurisdiction and render judgment on the original cause of action, if the plaintiff in execution is legally entitled to it on the merits. [Witt v. Kaufman, 25 Tex. Sup. 384, and authorities.]

§ **460.** *Practice on appeal as to plea of privilege to be sued in his own precinct.* The county court did not err in overruling defendant's plea of privilege, interposed for the first time in that court in the nature of a plea to the jurisdiction, setting up the fact that he had not been sued in the proper justice's precinct. If the county court had, as we have seen, acquired jurisdiction to try the case *de*

*novo* by virtue of the appeal, then, inasmuch as that question was one which could not primarily be raised in that court, it could not be invoked on the appeal.

§ **461.** *Sworn account; evidence to defeat it.* We are of opinion, however, that the county court erred in refusing to allow defendant the introduction of evidence to prove that the sworn account had been fully paid off and discharged. If defendant could prove that fact it would entirely defeat plaintiff's cause and right of action. The fact that the account was verified by affidavit only made it *prima facie* evidence [Rev. Stats. art. 2266], and defendant's attorney had filed an affidavit denying that any part of it was just or true. If no such counter affidavit had been filed, defendant could or should have had the right of proving, could he do so, that the account was wholly paid. It has never been held that such verified account estopped defendant from his plea and proof that plaintiff had no cause of action whatever against him. Proof of payment will defeat a recovery upon a promissory note, and a sworn account has no higher standing as *prima facie* evidence of indebtedness than a promissory note.

May 26, 1883.                     Reversed and remanded.