## M. J. SIKES V. STATE.

No. 29,654. April 2, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 7, 1958.

*Dick Young,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for burglary of a private residence at night; the punishment, five years.

The state's testimony shows that the prosecuting witness, L. A. Vogelsang, and his wife, both of whom were aged, resided in their residence in the City of Rosenberg. On the night in question, after they had retired. Mrs. Vogelsang was awakened around midnight by the sound of breaking glass in the front of

the house. She then awakened her husband and after securing a pistol and placing it in his hand, heard someone raise a window in the back and enter the house. Mrs. Vogelsang then left the house to secure help. Thereafter, upon seeing a man coming toward him, Mr. Vogelsang fired one shot with the pistol and engaged the man in a struggle. As the two were struggling on the floor Assistant Chief of Police Ray Owens arrived at the residence and took the man, whom he identified as the appellant, in custody as he was attempting to flee.

As a witness in his own behalf, appellant admitted that he entered the residence on the night in question by raising the window but denied that he had any intention to steal. He stated that he had been drinking, that he was intoxicated, and that he was going to see a girl and had entered the wrong house.

Appellant questions the sufficiency of the evidence to support the conviction on two grounds.

First, he insists that there is a fatal variance between the allegation and the proof as to the name of the person whose private residence it was charged he burglarized. Appellant insists that the name of the owner of the residence was alleged in the indictment as "L. A. Vogelsang" and that the witness testified upon the trial that his name was "L. A. Vogelsand." An examination of the record does not reflect that the injured party so testified but did testify that his name was "L. A. Voglesang." The names "Vogelsang" and "Voglesang" are idem sonams and the difference in spelling was immaterial.

Appellant next insists that the evidence was insufficient because there was no proof that he entered the residence with the intent to commit the crime of theft as was charged in the indictment.

The very act of breaking and entering a house in the nighttime raises the presumption that it is done with intent to steal. Mullins v. State, 35 Texas Cr. Rep. 149, 32 S.W. 691; Vickery v. State, 62 Texas Cr. Rep. 311, 137 S.W. 687 and Martin v. State, 148 Texas Cr. Rep. 232, 186 S.W. 2d 80.

The court in his charge instructed the jury that before they could convict the appellant, they must find from the evidence beyond a reasonable doubt that he entered the residence with the intent to take corporeal personal property therefrom and further instructed the jury that if they believed from the evi-

dence, or had a reasonable doubt thereof, that he entered for the purpose of seeing a woman and not for the purpose of committing theft, to acquit him. Such charge correctly submitted the issue of appellant's guilt under the allegations of the indictment and was a fair submission of his affirmative defense.

The intent with which the appellant entered the residence was for the jury under the circumstances. The jury chose to reject the appellant's explanation for entering and we find the evidence sufficient to sustain its verdict. Duran v. State, 160 Texas Cr. Rep. 167, 268 S.W. 2d 167.

Appellant's remaining contentions relate to the court's charge. We observe, however, that the court did submit to the jury the special requested charge which appellant states in his brief the court refused to submit and the court defined the offense of burglary under the terms of the statute.

Finding no reversible error, the judgment is affirmed.

Opinion Approved by the Court.