**Luther C. KIRKWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36779.**

Court of Criminal Appeals of Texas.

April 8, 1964.

No attorney of record on appeal for appellant.

James E. Barlow, Dist. Atty., Raymond A. Wietzel, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is burglary with intent to commit theft (repeater); the punishment, twelve years confinement in the state penitentiary.

The appellant has filed no formal bills of exception, nor has he filed a brief in this cause.

The only question presented for review is whether or not the evidence is sufficient to support the jury's verdict. No witnesses were called by appellant, and he did not testify in his own behalf. From the evidence presented by the state, the following was adduced: On August 3, 1963, when Mr. Terry Ricks, fleet service manager at Hemphill-McCombs Ford Company, left work the cigarette machines were unbroken, the windows and doors were checked and locked and the building secured. Mr. Ricks further testified that he did not give appellant or anyone else permission or consent to break into the place of business on August 3, 1963

Mr. Jack Gilbert, an investigator for Texas Industrial Surveys, testified that his company had a central office burglary alarm system installed in the premises of the Motor Company and that alarm switches were set up on the coke machine, on the parts department door, on several doors inside and also on an overhanging door. He testified that on the night in question the alarm system was set off; that the central office telephoned him at his apartment, and as a result of the call he proceeded to the Motor Company, taking from five to seven minutes to get there. Upon waiting outside the fence about two minutes, Mr. Gilbert hear the overhead door of the building slowly raise and lower and within three seconds, saw appellant come around the corner into view, stooping over so as to avoid being seen. Mr. Gilbart drew his pistol and told appellant to lie face down on the pavement with arms outstretched, as a fence separated them.

When police officers arrived they inspected the premises and found the coke machine broken open, the lock on the door separating the parts and service department was broken, and the grease rack win-

 

dow to the outside was broken open. The appellant was searched and ten dollars and seventeen cents in nickels, dimes and quarters was found in his pockets. Also a sack containing approximately fifty-three packs of cigarettes was found by a truck where appellant was seen to stoop over after coming from the building. It was also shown that the coins in question were the type which could be used in the machines which had been broken into.

The indictment alleged that appellant was convicted on September 14, 1961, in Harris County for the offense of theft of over fifty dollars and this allegation was properly proven by the state.

We find the evidence sufficient to support the jury's verdict.

No reversible error appearing, the judgment is affirmed.