William Alexander BLANTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41206.

Court of Criminal Appeals of Texas.

April 24, 1968.

John W. Woods, Amarillo, Court Appointed Attorney, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary of a coin operated machine (Art. 1402a V.A.P.C.); the punishment, enhanced under Art. 63 P.C. by two prior convictions for a felony less than capital, life.

The sufficiency of the evidence to sustain the jury's finding of guilt is not challenged. Three eye witnesses testified that appellant committed the primary offense and fled the scene.

Appellant having elected to have the jury assess the punishment, the portion of the indictment alleging a prior conviction on September 17, 1962, in Cause No. 8515 in the 140th District Court of Lubbock County for burglary of a coin operated machine; and a conviction prior to the commission of each of said offenses, on March 18, 1959, in Cause No. 2427 in the 70th District Court of Ector County for the felony offense of receiving and concealing stolen property, was read.

Three grounds of error are set forth in appellant's brief, each of which relates to evidence offered by the state and admitted without objection at the hearing on punishment.

The first complains that O. W. Moore was permitted to testify that he took appellant's fingerprints when he booked him in jail for the primary offense on October 13, 1967. The second complains of the admission in evidence of the fingerprint card.

 There is no merit in either of these grounds of error. Mr. Moore testified, without objection, that he was Deputy Sheriff and chief jailer at the time; that fingerprinting in the jail was done under his direction; and that he made the fingerprint card on appellant. He identified appellant as the man he booked in jail, and the card which bore his signature as his fingerprint card.

As his third and last ground for reversal appellant complains that the testimony of O. W. Moore was contradictory and insufficient to authenticate State's Exhibit 12 (the fingerprint card) and was therefore insufficient to be used to establish the identity of appellant beyond a reasonable doubt as the same person named in the alleged conviction of March 18, 1959, in the 70th District Court of Ector County in Cause No. 2427.

We find no merit in this contention.

The state offered in evidence as Exhibits 13 and 14 fingerprint cards which formed a part of the certified record of the Texas Department of Corrections which were introduced. Fingerprint expert Charles Hollis, of the Amarillo Police Department, compared the fingerprints shown on the three exhibits and expressed the opinion that they were of the same man.

All of the evidence above mentioned was admitted without objection.

"It was incumbent upon appellant to have objected to the evidence when offered, and in the absence thereof his objection was waived. Erwin v. State, 171 Tex.Cr. App. 323, 350 S.W.2d 199." Stout v. State, Tex.Crim.App., 421 S.W.2d 914.

We need not rest our holding upon the absence of objection, however. The evidence offered at the hearing on punishment was admissible and was sufficient to prove that appellant was the same person previously convicted, as alleged in the indictment. Brown v. State, Tex.Crim.App., 413 S.W.2d 922, and cases cited.

The judgment is affirmed.