Lawrence GIBSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41677.

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Billy J. Griswold, Houston, (Court appointed on appeal only) for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ruben W. Hope, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary; the punishment, enhanced under Art. 62, P.C., by reason of a prior felony conviction for an offense of like character, twelve years.

The indictment charged a burglary by breaking and entering the house with intent to steal.

In his first ground of error, appellant insists that the evidence is insufficient to sustain the conviction because it does not show that the breaking and entering was with an intent to steal.

It was shown by the state's evidence that on the night in question certain city of Houston police officers went to a building occupied by Gulf Coast Cigar Company as the result of a burglar alarm which had sounded at approximately 12:50 a. m. Upon entering the building they found the appellant and two other persons inside. Appellant was crouched in a corner, with a screwdriver in his hand. The two other men were apprehended in the building, one

of whom had a knife and a "beer opener" in his .hands. The screwdriver and the knife were identified by the custodian of the building as property of the cigar company.

It was shown that entry had been gained into the building through a broken window. Certain items of inventory were out of place, including five half cases of cigarettes which were found on a loading dock, and in one of the storerooms some storage trays had been turned over.

■■■ Under the record, the intent to steal could be inferred from the circumstances. 10 Tex.Jur.2d 186, Sec. 30. Further, the breaking and entering at nighttime raises the presumption that it was with intent to steal. Briones v. State, Tex.Cr.App., 363 S.W.2d 466; Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524.

■■ We find the evidence sufficient to show an intent to steal, and the ground of error is overruled.

■■ In his second ground of error, appellant insists that the state failed to prove the prior conviction, alleged for enhancement, because a copy of the indictment in the prior case was not introduced in evidence. He insists that it was incumbent upon the state to introduce the indictment in evidence "in order to exclude all reasonable doubt as to the *A*ppellant's identity."

We find no merit in this contention.

In proving the prior conviction the state introduced in evidence duly authenticated records of the Texas Department of Corrections, including a photograph, fingerprints, and copies of a judgment and sentence in the prior conviction alleged for enhancement. Proof was made of appellant's identity as the person convicted by the testimony of a fingerprint expert who testified that he had examined and compared appellant's known fingerprints with those in the prison records, and expressed the opinion that the fingerprints in the prison records were those of appellant.

Such was sufficient. Blanton v. State, Tex.Cr.App., 426 S.W.2d 871. It was not necessary that a copy of the indictment in the prior case be introduced.

The judgment is affirmed.