

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

This Opinion
Overrules Opinion

● VV -596

O · 1033
open dated 3-24-71
to claude P. Jur
vrc 319, P9, Y

December 9, 1970

Dr. George J. Beto, Director
Texas Department of Corrections
Huntsville, Texas 77340

Opinion No. M-743

Re: Authority of the Depart-
ment of Corrections to
refurbish and rebind
textbooks and periodicals
for state agencies and
political subdivisions
of the State of Texas.

Dear Dr. Beto:

In your recent letter you have requested the opinion
of this office as to whether the Department of Corrections may
refurbish and rebind textbooks and periodicals for state agen-
cies and political subdivisions of the State of Texas.

You stated that your request was based on the assump-
tion that the work would be done by the Department only after
the securing of bids by the Board of Control.

We are of the opinion that, if all provisions of
Article 664-3, Vernon's Civil Statutes, are complied with, the
Board of Control may lawfully award to the Department of Cor-
rections a contract for refurbishing and rebinding the text-
books and periodicals made the subject of your inquiry, and
that the Department may lawfully perform the contract.

There is affirmative authority for the Department of
Corrections to engage in such activity in Section 9(c) of Article
6203c, Vernon's Civil Statutes, whereunder the Department is
authorized to engage in the "manufacture or production" of such
articles or products as may be needed for the construction,
operation, maintenance or use of any office, department, insti-
tution or agency supported in whole or in part by this state
and the political subdivisions thereof.

The nature of the contemplated work is related to manufacture or production and not to printing or binding, and hence does not fall within the activity made the subject of Article XVI, Section 21, of the Constitution of Texas, so that this activity is not proscribed for the Department by Section 3 of Article 4413(32), Vernon's Civil Statutes. See Attorney General's Opinion No. C-732 (1966), holding that the process of transforming textbooks into Braille material does not constitute the process of printing and binding within the meaning of Section 21 of Article XVI of the Constitution.

Article XVI, Section 21, Texas Constitution, requires only that the articles or products named therein be sold under competitive bids and that the purchase be from "the lowest responsible bidder." This Section 21 contains no statement nor implication of distinction between bids by private enterprise and a state agency. In our opinion the competitive bid provisions of Articles 664-3 and 6203c meet the competitive bid requisites of this Section of the Constitution; and the requisites of Article 664-3, Section 8(f) provide the legislative declaration of who may be "the lowest responsible bidder."

In Opinion V-142 (1947) this Office held, with reference to this Section of the Constitution,

> " ... The Constitutional provision very clearly leaves it to the Legislature to prescribe who may be 'the lowest responsible bidder' within the constitutional requirement.  ..."

In Opinion M-392 (1969) the present Attorney General passed upon the legality of a bid by a private firm for letterpress printing, and in the context of this Section of our constitution stated,

> " ... In determining the lowest, responsible and best bid the Board (of Control) is required to consider those factors set out in Section 8(f) of said Article 664-3.  ..."

The requisites of Article 664-3, Section 8(f) relative to "the lowest and best bid" meet the requirements of "competitive bidding" which are stated in Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525, 527 (Tex.Sup.1963).

The following prior opinions of this office are expressly overruled:  Opinion of Attorney General James V. Allred to Hon. Claude D. Teer, dated March 24, 1931, recorded in Volume 319, at page 918, and Opinions O-1033 (1939) and WW-496 (1958).

Since there is affirmative statutory authority for the Department to perform such work, and since there is no statutory or constitutional prohibition against the Department doing so, we are of the opinion that the Department of Corrections may, under a contract let by the Board of Control pursuant to a bid, refurbish and rebind textbooks and periodicals for state agencies and political subdivisions of the State of Texas.

## S U M M A R Y

If all of the provisions of Article 664-3, V.C.S., are complied with, the Board of Control may lawfully award to the Department of Corrections a contract for refurbishing and rebinding textbooks and periodicals for state agencies and political subdivisions of the State of Texas, and the Department may lawfully perform the contract.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin Bray
Dick Chote
Jack Goodman
Earl Hines

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant