**Kenneth Ray HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44014.**

Court of Criminal Appeals of Texas.

July 28, 1971.

Ronald H. Bartlett, Houston (Court appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Vic Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary, enhanced under the provisions of Article 62, Vernon's Ann.P.C.; the court assessed the mandatory punishment of 12 years.

Appellant's three grounds of error are as follows: (1) "The evidence does not support a finding that Kenneth Ray Hawkins broke and entered with the intent to steal," (2) "The judgment does not satisfy the requirement for conviction under the law relating to circumstantial evidence," (3) "There is insufficient evidence generally to sustain the conviction."

The evidence viewed most favorably to the jury's verdict shows that on May 13, 1969, the home of Clarence E. Harris, located in Houston, was burglarized. Melvin Hobbs, a neighbor, became suspicious when he noticed a man hiding near the house behind a hedge and the man had various items of merchandise on the ground near him. Two of the items appeared to be a trumpet case and a hi-fi or radio. Hobbs identified appellant as the man he saw hiding near the house and as the same man he later observed crossing the street carrying the various items. Harris testified that items of this description had been stolen from his house. Hobbs testified that a man drove up in a car, that appellant got in the car with the items he was carrying and they drove off. Hobbs and another neighbor followed this car to some apartments in Harris County. Hobbs wrote down the license number of the car which they had followed and called the police. Harris nor his wife were neither at home when all of this occurred. The appellant was not found in possession of any of the property stolen, nor were the items he was carrying shown to be the same ones that were stolen.

The vehicle that Hobbs took the license number from was found to be owned by the appellant's brother-in-law.

It was thus established that the appellant was seen hiding on the premises of a house that had been burglarized and was seen carrying away items of the same nature which had been stolen from the house.

The evidence further showed that a screen had been ripped open, and a window had been jimmied open on the burglarized house.

 The specific intent to commit theft can be inferred from the surrounding circumstances. Gibson v. State, Tex.Cr. App., 434 S.W.2d 851. The court did not charge on circumstantial evidence and there was no objection to the charge of the court. Thus, any complaint as to the court's failure to charge on circumstantial evidence was waived by appellant herein. This record as a whole is sufficient to support the conviction for burglary. Kirkwood v. State, Tex.Cr.App., 377 S.W.2d 196.

Appellant's three grounds of error are overruled.

The judgment is affirmed.

ODOM, J., not participating.