Earnest Ray HUTCHINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45047.

Court of Criminal Appeals of Texas.

May 31, 1972.

Rehearing Denied July 19, 1972.

**882**

John K. Coil, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction was for burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C. by proof of two prior non-capital felony convictions, life imprisonment.

■ The first contention made is that State's Exhibits 1 through 4 were improperly admitted in evidence because they were not filed with the papers in the case three days prior to trial and the appellant was unfairly surprised.

Exhibits 1 through 4 were the indictments, judgments and sentences for prior convictions and the appellant's photograph, fingerprints and identification card contained in a certified prison packet used to prove the prior convictions alleged for enhancement of punishment.

The appellant apparently bases his complaint on the provisions of Article 3731a, Section 3, Vernon's Ann.Civ.St.

The appellant was placed on notice that such evidence would be offered by the allegations made in the indictment and his objection, based upon surprise, was properly overruled. Roberts v. State, 164 Tex. Cr.R. 537, 301 S.W.2d 154 (1957); McCown v. State, 170 Tex.Cr.R. 142, 338 S. W.2d 732 (1960) and Howard v. State, 453 S.W.2d 150 (Tex.Cr.App.1970).

■ The appellant's only remaining contention is that the evidence is insufficient to support the conviction.

Mrs. Sam Herrera testified that at about 7:00 p. m. on the night of December 24, 1969, she was at home with her family

watching television when she heard a noise. After being summoned to the window of her duplex apartment by her teenage son, she observed a man repeatedly kicking and breaking the window of the 2001 Club which was located immediately across the alley from the Herrera residence. Mrs. Herrera testified that after she telephoned the police she saw the man still kicking the window; she stated that while she could not see whether the man's arm entered the premises of the club because her view was obstructed by his body, she did see his foot go inside the building. Mr. Herrera, who had also been watching television, went outside the duplex and from there observed the man kicking the window in and thereafter saw him reaching inside the window. Within minutes two officers from the Dallas Police Department arrived on the scene and Mr. and Mrs. Herrera saw the police arrest the man they had been watching.

When the officers arrived they arrested the appellant, who had been "drinking," while he was still pulling on some bars over the window. The burglar alarm had been triggered. Testimony showed that immediately adjacent to the window, and visible through the frosted glass, was an old cash register. It could be reached through the window that had been broken. Richard McCartney, who was in charge of the club while the owner was out of town, testified that it was a usual practice for the cash register drawer to be left open with approximately 25 pennies in it when the club was not open for business; McCartney testified that when he examined the cash register some time subsequent to the burglary, there was no money in it. When arrested, the appellant had three

dollars in currency and $.17 in coins in his pocket.

The evidence is sufficient to show "breaking"[1] and "entry"[2] into the building. See Hendrix v. State, 474 S.W.2d 230 (Tex.Cr.App.1971); Taylor v. State, 159 Tex.Cr.R. 441, 264 S.W.2d 115 (1953) and Turner v. State, 165 Tex.Cr.R. 106, 303 S.W.2d 386 (1957).

■ The evidence is also sufficient to show that the breaking and entry was with the intent to commit the offense of theft. The rule applicable here has been stated to be "The intent with which the defendant entered the house is a question of fact for the jury, to be gathered from all the circumstances of the case. When it is alleged that the burglarious entry was made with intent to .commit theft, and the jury have found that such entry was made with such intent, and such finding has been approved by the trial court, the judgment of conviction will ordinarily be sustained if there is nothing in the testimony to indicate that such entry was made with any other intent." 4 Branch's P.C.2d § 2535 at 862 (2d ed. 1956). See Henderson v. State, 94 Tex.Cr.R. 97, 250 S.W. 688 (1923) and O'Neal v. State, 106 Tex.Cr.R. 158, 291 S.W. 892 (1927). Further, the act of breaking and entering a house at nighttime raises the presumption the act was done with intent to steal. Powell v. State, 475 S.W. 2d 934 (Tex.Cr.App.1972); Byrd v. State, 435 S.W.2d 508 (Tex.Cr.App.1968); Briones v. State, 363 S.W.2d 466 (Tex.Cr. App.1963) and Sikes v. State, 166 Tex.Cr. R. 257, 312 S.W.2d 524 (1958).

The evidence is sufficient to prove the primary offense, but it is insufficient to

---

1. Article 1394, V.A.P.C. provides:
   "By 'breaking,' as used in this chapter, is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose."

2. Article 1393, V.A.P.C. provides in part:
   "The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony or theft, . . . ."

sustain the conviction under the provisions of Article 63, V.A.P.C.

■ For the purposes of enhancement, the indictment alleges that the appellant was convicted of the offense of passing a forged instrument knowing it to be forged in Dallas County on the 8th day of January, 1963, in Cause No. D–9214–J and that prior to the *commission* of that offense he was convicted for the offense of theft of corporeal personal property of the value of over $50.00 in Dallas County on the 28th day of April, 1960, in Cause No. D–692–H.

There is no evidence in the record as to when the offense alleged in Cause No. D–9214–J was *committed*. The indictment in that cause number alleges the offense was committed on or about the 28th day of October, 1962. That indictment was returned and filed on the 29th day of November, 1962. The statute of limitations for the offense of passing a forged instrument is ten years. Article 12.01(3), Vernon's Ann.C.C.P. In securing the conviction in Cause No. D–9214–J, proof that the offense was committed on a date prior to the conviction in Cause No. D–692–H could have been made.

■ It has been consistently held that to invoke the provisions of Article 63, V.A.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor.

The indictment must so allege and the averments of the indictment must be supported by proof. Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697 (1959); Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383 (1960); Lee v. State, 400 S.W.2d 909 (Tex.Cr.App.1966); Jones v. State, 422 S.W.2d 183 (Tex.Cr.App.1967) and Rounsavall v. State, 480 S.W.2d 696 (May 31, 1972), and cf. Villareal v. State, 468 S.W.2d 837 (Tex.Cr.App.1971).

■ The evidence proves the appellant was convicted of the offense of theft in Cause No. D–692–H prior to the date that he was proved to have committed the primary offense of burglary with intent to commit theft in this case. This proof will sustain a conviction for a subsequent offense of the same nature under the provisions of Article 62, V.A.P.C. The punishment provided by law is twelve years imprisonment.

The judgment [and sentence are] therefore reformed to provide for the appellant's confinement in the Texas Department of Corrections for a period of twelve years. See Lee v. State, *supra*, and Hamilton v. State, 397 S.W.2d 225 (Tex.Cr.App.1965).

The judgment, as reformed, is affirmed.

Opinion approved by the Court.