Alvin WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51834.

Court of Criminal Appeals of Texas.

June 23, 1976.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary of a building. Punishment, enhanced under the provisions of V.T.C.A. Penal Code, Sec. 12.42(d), was life.

The indictment alleged that the primary offense occurred on or about May 14, 1974, and the record reflects that trial was in April, 1975.

At the outset, appellant contends that the court erred in refusing to grant his motion for an instructed verdict in that the evidence would not support a conviction.

During the early morning hours of May 14, 1974, Fred Bonial, patient service technician at Baylor Hospital, observed appellant in the chaplain's office at said hospital. Bonial called hospital security and Ray Long, a security guard, came to the scene and along with Bonial saw appellant "slip" into a restroom. Appellant was stopped and questioned and "he just said something to that effect that he wanted to get caught." Upon being asked if he "minded emptying his pockets," appellant replied that he had no objection. The contents of his pockets included a number of items identified as belonging to Baylor Hospital, including pens, a cassette tape, and penlight batteries.

V.T.C.A. Penal Code, Sec. 30.02, "Burglary," provides in pertinent part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft . . . .."

W. E. Walton, III, and Levi N. Curl, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald H. Flanary, Jr., Fred Davis and Brian Blessing, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

Appellant urges that the State failed to show that Baylor Hospital was not open to the public. While there was evidence that the visiting period at the hospital was "between 2:00 and 4:00 and 6:00 to 8:00" and that the general public is not allowed in the hospital after 10:00 p. m.,

appellant points to the testimony of Long that there were no signs in the lobby of the various entrances to the hospital saying not to enter after 10:00 p. m. and no one is stationed at the eight or nine entrances for the purpose of preventing people from entering the hospital.

Assuming, arguendo, that the hospital gave the appearance of being open to the public, Sec. 30.02, supra, prohibits the entry of "any portion of a building." While the former code was not explicit in this respect,[1] the cases construing same held that burglary may be committed by entering a room which is closed, although the outer doors of the house are open. *Babcock v. State,* Tex.Cr.App., 473 S.W.2d 941; *Davidson v. State,* 86 Tex.Cr.R. 243, 216 S.W. 624.

Bonial testified that there were three offices in the chaplain's suite. The outer door to the visiting ministers' office was open, but the doors to the adjoining offices were closed. Bonial stated that the offices were not open to the public but were for chaplains' use when consulting with families who had a relative in the hospital. Bonial first observed appellant in the visiting ministers' office where the door was open, but upon checking a second time Bonial observed appellant "slipping into the smaller office on the right." Bonial stated that the door to the smaller office was closed and appellant had to open the door to enter the office.

V.T.C.A. Penal Code, Sec. 30.02, 3(b), provides:

"For purposes of this section, 'enter' means to intrude: (1) any part of the body; or (2) any physical object connected with the body."

Clearly, entry was made into the smaller office when appellant opened the door and entered same.

We are next faced with the question of whether such office was open to the public.

In addition to the testimony of Bonial that these offices were not open to the public, the record reflects that Long testified:

"Q. What's the general appearance of the visiting ministers' office and its two adjoining offices in regards to being open to the public?

"A. Well, it's open to the public because this is the offices [sic] that the chaplain uses to counsel with families that have had a death.

"Q. Is it open to the public between 1:00 and 2:00 o'clock in the morning?

"A. Not per se.

"Q. In other words, you would have to be with the chaplain?

"A. Yes.

"Q. How about the inner offices where the doors were closed? Now, does that give the appearance of being open to the general public?

"A. I wouldn't say that it does.

"Q. Does it give that general appearance at 1:00 or 2:00 o'clock in the morning?

"A. No."

Appellant did not testify, nor did he offer any testimony at the guilt stage of the trial. While the testimony of Long appears to be in some degree of conflict, there was sufficient evidence from which the jury could conclude that the chaplain's offices were not open to the public and that they did not give the appearance of being open to the public at the time in question.

■ Appellant urges that the evidence in insufficient to support the conviction for the additional reason that there is no evidence that entry was made by appellant with the intent to commit theft.

We find that the jury could infer from the circumstances surrounding the alleged offense that the entry made by appellant was with the intent to commit theft. See *Hawkins v. State,* Tex.Cr.App., 467 S.W.2d 465; *Garcia v. State,* Tex.Cr.App., 502 S.W.2d 718; *Shelby v. State,* Tex.Cr.App., 479 S.W.2d 31.

1. See Title 17, Chapter V, V.A.P.C., 1925, "Burglary."

Appellant contends that the evidence is insufficient to support the conviction in that the evidence failed to prove that Long was the owner of Baylor Hospital and that there was an absence of proof that appellant did not have the consent of the owner to enter.

V.T.C.A. Penal Code, Secs. 1.07(a)(24) and (28) provide:

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

\*   \*   \*   \*   \*   \*

" 'Possession' means actual care, custody, control, or management."

The record reflects that Long testified:

"Q. I will ask you whether or not you, as the person who is in charge of security at the hospital, whether or not you had the care, custody and management over the hospital and all those things within the hospital. In other words, you're in charge of their care and custody, is that right?

"A. Yes.

"Q. And you were at that time?

"A. Yes.

"Q. I will ask you whether or not you gave Alvin Williams or any other person permission to enter that building at that time.

"A. No, sir.

\*   \*   \*   \*   \*   \*

"Q. At that time was the Baylor Hospital or those offices open to the general public?

"A. They were not locked. These offices are never locked.

"Q. But, were they open for the public?

"A. No.

"Q. Where those items that were taken your corporeal personal property? In other words, did you have custody and control of them. I know they don't actually belong to you.

"A. Yes."

Long's testimony that he had care, custody and management of the hospital established that he had "possession of the property." Further, Long clearly had a greater right to possession of the property than appellant, and his testimony that he did not give appellant permission to enter the building or the offices in question is undisputed. See *Eaton v. State,* Tex.Cr.App., 533 S.W.2d 33. The testimony of Long that a person did not have to have his consent to visit someone in the hospital in the early morning hours does not negate the necessity of appellant obtaining his consent to enter the offices in question.

We find the evidence sufficient to support the conviction.

Appellant contends that the court erred in overruling his objection to the court's charge.

Appellant objected to the court's charge for failure of the charge to conform to the indictment. The indictment in pertinent part charged that appellant,

". . . knowingly and intentionally, with intent to commit theft, enter a building which was not open to the public without the effective consent of Ray Long, the owner thereof. . . ."

Appellant objected to that portion of the charge which read:

"Our law provides that a person commits an offense, if without the effective consent of the owner he enters a building (*or any portion of the building*) not then open to the public with intent to commit a felony or theft." (Emphasis supplied.)

Inclusion of "(or any portion of the building)" in the definition of the offense in the charge forms the basis of appellant's complaint.

The court correctly stated the law in its charge as same is set forth in Sec. 30.02, supra. The decisions under the old Code are relevant which held that evidence which showed entry of a room which is closed will support a conviction for burglary of a house

even though the outer doors of the house are open. *Babcock v. State, supra; Davidson v. State, supra.*

We find that the indictment was sufficient to apprise appellant of the charge against him and conclude that the charge of the court did not authorize a conviction on a different theory from that on which appellant was indicted.

 Appellant next contends that the court erred in overruling his objection to the court's charge on "special ownership, which objection was based upon the fact that there was no evidence produced at trial which could make Ray Long qualify as a special owner."

The pertinent portion of the court's charge reads:

"'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the defendant."

The definition of ownership given by the court in its charge follows V.T.C.A. Penal Code, Sec. 1.07(a)(24).

We find that the testimony of Long that he had the care, custody and management of the hospital was sufficient evidence to authorize the charge on ownership. Further, such evidence supports the jury's implied finding that Long was the owner.

Appellant contends that the court erred in not granting his requested charge on mistake of fact.

V.T.C.A. Penal Code, Sec. 8.02(a), provides:

"It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense."

■ It appears to be appellant's position that evidence which showed an absence of guards at the hospital and the failure of the hospital to have signs "warning the public that the hospital is not open to the public" entitled the appellant to a charge on mistake of fact.

We find no evidence which would have given appellant a "reasonable belief" that an office with door closed in the chaplain's suite of offices was open to the public in the early hours of the morning.

We find no error in the court's refusal to grant appellant's requested instruction on mistake of fact.

Appellant's last contention relates to the court's charge on ownership, and we find that our disposition of prior grounds of error decides same adversely to appellant.

The judgment is affirmed.

Opinion approved by the Court.