Roy STEARN, Appellant,

v.

The STATE of Texas, Appellee.

No. 55791.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 27, 1978.

Donald J. Driscoll (court appointed), Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C. McDaniel, Gerald Banks and Richard W. Wilhelm, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation wherein appellant asserts the evidence is insufficient to support the guilty verdict; that the trial court erred in denying a charge on circumstantial evidence on the question of intent; and, that documents attesting to a prior out of state conviction were improperly admitted as evidence for enhancement to support his punishment at life as an habitual.

On March 26, 1976, appellant was discovered in the kitchen of a private residence. Nothing had been disturbed beyond what was necessary to break in and appellant fled immediately upon being discovered. The first ground of error asserts that there was no showing of intent to steal and that such is necessary for the crime of burglary. V.T.C.A., Penal Code Sec. 30.02(a)(1).

■ It is well settled in this State that the question of the intent with which a person unlawfully enters a habitation is a fact question for the jury to be drawn from the surrounding circumstances. *Hutchinson v. State*, Tex.Cr.App., 481 S.W.2d 881;

*Henderson v. State,* 94 Tex.Cr.R. 97, 250 S.W. 688. Furthermore, the jury's finding of intent to steal will not be disturbed on appeal where there is no testimony to indicate that the entry was made with any other intent. *Callahan v. State,* Tex.Cr. App., 502 S.W.2d 3. No controverting testimony was offered in this case and this Court will not overturn the jury's finding.

■ Appellant maintains that the trial court should have granted his request for an instruction on circumstantial evidence on the issue of intent. The question was dealt with in *Bowles v. State,* Tex.Cr.App., 550 S.W.2d 84, wherein the defendant was charged with a violation of V.T.C.A., Penal Code Sec. 21.11 in that he exposed his genitals to a child with intent to arouse or gratify sexual desire. Evidence of the act itself was clear and the only jury issue to be determined from an evaluation of the circumstances was the intent with which the act was done. Had the act not been done with the requisite culpable intent, it would not have been a violation of the statute, a circumstance similar to V.T.C.A., Penal Code Sec. 30.02 where the intent to steal is required to make an unlawful entry burglary. This Court stated that it was "well settled" that where intent is the only issue to be determined by circumstances a charge on circumstantial evidence is not required. A similar result was reached in *Green v. State,* Tex.Cr.App., 533 S.W.2d 769, where the offense was attempted burglary.

Given that intent was the only element of the offense in this case to be proven by circumstances, appellant was not entitled to a circumstantial evidence charge.

■ Grounds of error 3 and 4 maintain that records of a past conviction forwarded from California and used to justify enhancement under V.T.C.A., Penal Code Sec. 12.42 were improperly certified and failed to properly link appellant with the judgment handed down in California.

The California records were introduced pursuant to Art. 3731a, V.A.C.S., Section 4 of which provides in part:

"Such writing . . . may be evidenced by an official publication thereof or by a copy . . . *attested by the officer having the legal custody of the record, or by his deputy. . . .*" (Emphasis added.)

Appellant contends there is no proper attestation of the records here. Both appellant and the State cite *Ashley v. State,* Tex.Cr. App., 527 S.W.2d 302, in which the Court considered similar California records. Regarding the required attestation it was stated that the record included, "a certification by Madelon Stuermann that the criminal record of appellant is in her custody, and that the attached document is a true and correct copy of the said original in her custody." An examination of the record in *Ashley* reflects this recitation:

"I further certify that the copies of the commitment and fingerprints attached are true and correct copies of the originals in my custody, as required by law."

In the instant case no such recitation appears. Instead, however, there is an accompanying letter from the California deputy custodian, and it states:

"In compliance with your request we are forwarding certified copies of our records authenticated by the Secretary of State, pertaining to the above named individual."

Although the record in this case does not contain an attestation of the same formality as that in *Ashley,* and is not a model for future use, we conclude the quoted statement is sufficient to meet the requirements of Art. 3731a, Sec. 4, supra, that the copy be attested by the custodian or his deputy.

We also conclude the records were sufficiently identified to be those of appellant in that they were in the same packet and reflected appellant's name and prison number. The third and fourth grounds of error are overruled.

Appellant's pro se brief has been reviewed and the contentions therein are without merit.

The judgment is affirmed.