**David Eugene WARREN, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00008–CR.**

Court of Appeals of Texas, Dallas.

July 27, 1982.

Rehearing Denied Aug. 27, 1982.

Sharon Keller, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

We withdraw our prior opinions and affirm the conviction for the reasons stated below.

This is an appeal from a conviction of burglary of a habitation with the intent to commit theft. Trial was before the court and appellant was found guilty and sentenced to twenty years.

Appellant presents three grounds of error:

1. the state committed fundamental error when the prosecutor indicated the accused to the complainant;

2. the trial court committed error in considering accused's prior convictions in determining his guilt; and

3. the trial court erred in considering an extraneous subsequent offense in determining appellant's guilt.

Just after daylight on April 12, 1979, appellant was seen by Dickie Taylor as appellant was entering Taylor's apartment through a window. Taylor yelled to his girlfriend to call the police and appellant fled with Taylor in pursuit. When Taylor reached appellant he told him to remain until the police arrived. Appellant refused this suggestion and disappeared behind some nearby apartments. As the police arrived Taylor saw appellant leaving the apartments in a white car. Taylor pointed appellant out to the police who apprehended him.

In appellant's first ground of error he contends that the prosecutor committed fundamental error in pointing out the accused to the complaining witness. No authority is cited by appellant for this proposition and we know of none. Inasmuch as the complaining witness had two close face-to-face confrontations with appellant on the day of the burglary, we cannot say that his in-court identification was so tainted as to be fundamental error.

In appellant's second ground of error he contends that the trial court erred in considering appellant's prior convictions in determining his guilt. The evidence shows that appellant himself introduced testimony concerning his prior convictions and he cannot complain of evidence he introduced. Furthermore, the record reflects that a separate trial was held on the punishment phase and, thus, the judge is presumed to have relied only on the properly admitted evidence. *Hernandez v. State*, 556 S.W.2d 337 (Tex.Cr.App.1977).

In appellant's third ground of error he contends that the trial court erred in considering an extraneous offense in determining appellant's guilt. On cross-examination appellant was asked:

Q. Well, what would you have been doing in Farmers Branch around 9:30 in the morning on June 14th?

A. Well, I had left a job that I had out in Farmers Branch—

Trial Counsel for appellant: Your Honor, I am going to have to object to *going into another case.* (Emphasis added)

The Court: Sustained.

Later appellant voluntarily discussed his subsequent arrest for suspicion of burglary. There is no evidence that the trial court considered that pending case in deciding the guilt or innocence of the appellant. Because the trial court is presumed to have relied only on properly admitted evidence, there is no reversible error. *Hernandez,*

*supra.* Furthermore, it is clear from the record that the introduction of the extraneous offense was by appellant's counsel. Thus, he cannot complain.

■ Appellant has filed a *pro se* brief alleging two other grounds of error. We are not required to consider these grounds, since appellant's appointed counsel has filed a brief, and appellant is not entitled to hybrid representation, partly by counsel and partly *pro se. Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Cr.App.1981). However, we have examined the *pro se* brief in order to determine whether there is any matter we should consider on our own motion in the interest of justice. On such examination, we previously concluded that the evidence is insufficient to support the conviction for burglary. In its second motion for rehearing, the State attacks this holding on the ground that we have no authority to consider the sufficiency of the evidence in the absence of a proper assignment in view of the repeal of section 13 of article 40.09 of the Code of Criminal Procedure and on the further ground that the circumstantial evidence is sufficient to establish intent to commit theft.

■ We adhere to our earlier view that the repeal of section 13 of article 40.09 does not affect our authority to review the record in the interest of justice, but we conclude that we were in error in holding the evidence insufficient. Our research indicates that the authority of the Court of Criminal Appeals to consider unassigned error in the interest of justice did not originate in section 13, and, therefore, was not affected by the repeal of that section. Although the constitutional and statutory basis for the practice is not clear, the Court of Criminal Appeals and its predecessor courts in Texas have considered unassigned errors in cases otherwise properly before them as early as *Scott v. State,* 31 Tex. 409, 410 (1868), in which the Supreme Court, then exercising criminal jurisdiction, reversed a conviction for insufficiency of evidence, observing that, although this ground was urged in a motion for new trial in the trial court, it had not been properly presented on appeal. Other cases in which unassigned errors were considered before the enactment of article 40.09 have included lack of a proper oath to the jury, *Sutton v. State,* 41 Tex. 513, 514 (1874); *Rich v. State,* 1 Tex. App. 206, 208 (1876); and a fundamentally defective indictment or information, *King v. State,* 55 Tex.Cr.R. 146, 115 S.W. 585 (1909); *Lunsford v. State,* 1 Tex.App. 448, 450 (1876); *White v. State,* 1 Tex.App. 211, 215 (1876). In *Tischmacher v. State,* 153 Tex.Cr.R. 481, 221 S.W.2d 258, 262 (1949), the Court of Criminal Appeals, in commenting on the use of bills of exception and the presentation of grounds on appeal, observed:

> However, we do take cognizance of the evidence and would not hesitate to reverse if such evidence be not present.

More recently, in *Acevedo v. State,* 633 S.W.2d 856 (Tex.Cr.App.1982), the Court of Criminal Appeals indicated that sufficiency of the evidence may be a matter of due process, and reviewed the evidence on a "constitutional basis" rather than pursuant to article 40.09, section 13.

The purpose of article 40.09 was to require the appellate record and briefs to be filed with the trial court in order to give that court an opportunity to grant a new trial without the necessity of an appeal. Onion, *Special Commentary,* Tex.Code Crim.Pro.Ann. art. 40.09 (Vernon 1979). Section 13 provided that on the trial court's refusal to grant a new trial, the record should be transmitted to the Court of Criminal Appeals, which should then review all grounds urged in the appellant's brief "as well as any unassigned error which in the opinion of the Court of Criminal Appeals should be reviewed in the interest of justice." In the light of our research as previously noted, we construe this language as recognizing and continuing the previous practice of the Court of Criminal Appeals with respect to unassigned error, rather than as a new grant of authority in that respect. Accordingly, when article 40.09 was changed in 1981 by repealing sections 11, 12 and 13, the apparent intent was to eliminate the requirement of filing briefs in

the trial court without affecting the authority of the appellate courts to review the record for error assigned or unassigned. Whether that authority extends to a consideration of the sufficiency of the evidence to support the conviction, as well as to errors made commonly called "fundamental" is a difficult question, but we adhere to our view previously expressed that, although the appellate court is not required to review the record in every case for sufficiency of the evidence, it has the same authority to do so as it has to consider "fundamental error."

In the present case, however, further review of the authorities has convinced us that the evidence in this record is sufficient to support appellant's conviction of burglary with intent to commit theft, as alleged in the indictment. It is well settled that the intent to commit theft may be inferred from the circumstances. *Williams v. State,* 537 S.W.2d 936, 938 (Tex.Cr.App. 1976); *Hawkins v. State,* 467 S.W.2d 465, 466 (Tex.Cr.App.1971); *Gibson v. State,* 434 S.W.2d 851, 852 (Tex.Cr.App.1968). The Court of Criminal Appeals has long held that an intent to commit theft may be presumed from the act of breaking and entering a house in the nighttime. *Callahan v. State,* 502 S.W.2d 3 (Tex.Cr.App. 1973); *Hutchinson v. State,* 481 S.W.2d 881, 883(Tex.Cr.App.1972). We need not consider whether this is a true presumption requiring a fact finding in the absence of rebutting evidence, or only an inference supporting a fact finding, since in this case we need determine whether an inference is raised. We have found no case holding that the same presumption or inference does not arise from an unlawful entry during daylight hours. In *Stearn v. State,* 571 S.W.2d 177, 177–78 (Tex.Cr.App.1978), the defendant was found in the kitchen of a private residence and fled on being discovered without disturbing any property beyond what was necessary to break in. Although the opinion does not disclose whether the entry was at night, the court held that the question of intent with which a person unlawfully enters a habitation was a fact question for the jury to be determined from the

surrounding circumstances, and that the jury's finding of intent to steal would not be disturbed where there was no evidence that the entry was made with any other intent.

Another case bearing on this point is *Ortega v. State,* 626 S.W.2d 746, 749 (Tex. Cr.App.1981). In *Ortega,* the defendant was seen prying with a screwdriver on the wooden door of a house and investigation showed that a latch on the screen door had been pulled off. The owner testified that both doors were closed and locked when he left for work that day. Apparently, therefore, the unlawful entry occurred in the daytime. The court held that these circumstances were sufficient for the jury to *infer an intent to commit theft,* and since the defendant offered no evidence to rebut that inference, evidence of a similar offense was improperly admitted to show such intent.

In the present case, the evidence shows that appellant attempted to enter the complainant's apartment through a window early in the morning, shortly after daybreak. On discovery by the complainant, appellant fled. We hold that these circumstances, in the absence of a plausible alternative, are sufficient to support the trial court's finding of an intent to steal.

Neither does the presence of the complainant's girlfriend in the apartment tend to rebut the inference. There is no evidence that appellant knew of her presence and intended to rape her. We interpret the authorities above cited as holding *that an intent to commit theft* may be inferred from the circumstances of an unlawful entry in the absence of a showing of any other intent. We hold that the circumstances support such an inference here, and, consequently, that the evidence is sufficient.

Our former opinions in this case are withdrawn, the judgment of reversal is set aside, and the judgment of the trial court is affirmed.

WHITHAM, Justice, dissenting.

I respectfully dissent. While I concur in the majority's opinion that the repeal of

subdivision 13 of article 40.09 did not withdraw the jurisdiction of this court to review the record on its own motion for the purpose of determining the sufficiency of the evidence to support the conviction, I would hold the evidence insufficient to support the conviction and would reverse and render.

I agree with the majority that the intent to commit theft may be inferred from the circumstances. *Williams v. State,* 537 S.W.2d 936, 938 (Tex.Cr.App.1976); *Hawkins v. State,* 467 S.W.2d 465, 466 (Tex.Cr. App.1971); *Gibson v. State,* 434 S.W.2d 851, 852 (Tex.Cr.App.1968). The majority, however, then recites the doctrine that the act of breaking and entering into a house at night raises a presumption of intent to commit theft and, by blurring the distinction between presumptions and inferences, suggests that the nighttime presumption of intent to commit theft is applicable to daytime cases. With this I do not agree.

There is a distinction between inferring an intent to commit theft from the circumstances surrounding a breaking and entering and a presumption of intent to commit theft. When intent is to be inferred from the circumstances, intent must be proved. Because direct proof of intent, absent a confession, is often minimal or nonexistent, the State must present evidence of the circumstances in which the crime occurred and the jury, viewing those circumstances, takes the logical step of finding that a defendant possessed a particular intent. On appeal, this court then views the sufficiency of the circumstances shown, including any controverting evidence presented by appellant, to determine whether intent was proved. Where there is a presumption of intent to commit a particular crime, however, the State's burden is lighter. Under a presumption the State need present no evidence of any circumstances pointing toward any particular intent, and on appeal the conviction would be upheld unless a defendant presented controverting evidence that he had no such intent.

While the presumption of intent to commit theft has been widely used in cases where the breaking and entering occurred at night, *see e.g. Callahan v. State,* 502 S.W.2d 3 (Tex.Cr.App.1973); *Hutchinson v. State,* 481 S.W.2d 881 (Tex.Cr.App.1972); *Sikes v. State,* 166 Tex.Cr.R. 257, 312 S.W.2d 524 (1958); *Martin v. State,* 148 Tex.Cr.R. 232, 186 S.W.2d 80 (1945), it has never been extended to cases where the breaking and entering occurred during the day. If such an extension should be made, it should be made directly, by the Court of Criminal Appeals, and not indirectly by this court. *Stearn* and *Ortega* do not support such an extension. In *Stearn v. State,* 571 S.W.2d 177 (Tex.Cr.App.1978) the Court of Criminal Appeals affirmed the appellant's conviction because it found that the jury could infer from the circumstances the appellant's intent to commit theft. The court neither recited the presumption of intent to commit theft, nor applied it in that case. The same is true of *Ortega v. State,* 626 S.W.2d 746 (Tex.Cr.App.1982). Although the opinion in each is silent regarding whether the breaking and entering occurred during the day, it is logical to presume that each involved a daytime burglary because the court used the daytime test of inferring intent from the circumstances surrounding the crime and did not use the nighttime presumption of intent to commit theft. *Stearn* and *Ortega* are not authority for extending the presumption to daytime cases. The test correctly used in the present case is whether there was sufficient evidence of circumstances from which the jury could infer an intent to commit theft. I would hold that there was not.

The fact that appellant, armed with a coke bottle, illegally entered an apartment occupied by two people (Taylor and his girlfriend) suggests to me that appellant had bad intentions, perhaps intending to commit robbery, rape, or assault. It is not, however, a circumstance from which a jury could logically infer that appellant had the specific intent to commit theft. Absent any presumption to commit theft, inapplicable in this case, there is no evidence that appellant intended to commit theft, thus the State failed to prove this essential allegation of the indictment.

I would reverse and enter an order of acquittal.