Armando Gutierrez DIAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00243–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 31, 1985.

Gary W. Hutton, San Antonio, for appellant.

Sam Millsap, Jr., Lyndee Ahnstedt, Pat Moran, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for burglary with intent to commit theft. TEX.PENAL CODE ANN. § 30.02 (Vernon

1974). After trial, the jury assessed punishment at twelve years' confinement.

Appellant's sole ground of error complains of the trial court's action in overruling his request for a charge on the lesser included offense of criminal trespass. Appellant alleges the issue was sufficiently raised by the evidence.

The evidence established that on November 27, 1983 around noontime, Joe Suarez was raking leaves in the front yard of the Suarez home on Palo Alto Road in San Antonio. Isidro Suarez, Joe's father, was working in the front room of the Suarez home. The Suarez' business, E.S. Pest Control, is located directly across the street from the Suarez home. The Suarez home has a large picture window facing Palo Alto Street and the E.S. Pest Control building.

Joe Suarez observed the appellant walking around their business building for approximately two hours. He testified that appellant stood at one end of the building for a short time, and then proceeded to the other side of the building. He observed appellant attempt to look in the business' windows, however, the windows were covered with paper. Joe went inside the house, and continued to watch appellant through the window with his father.

The Suarezes testified that they then saw appellant kick in the door of their business and enter the building. Isidro got in his truck and drove across the street to the building, while Joe called the police and ran next door to get a neighbor to assist him.

Isidro apprehended the appellant exiting the business. Joe and the neighbor were rushing across the street to assist Isidro when a police car arrived. Isidro testified that when he stopped appellant from leaving the scene, appellant told him that the building owner had given him permission to enter the building. When Joe Suarez arrived, the appellant claimed that Joe Suarez had broken into the building, and that he, appellant, was the building owner.

The evidence established that appellant had been in the business building for only a few minutes. Neither Joe nor Isidro testified that any property had been moved or stolen from within the building, and the appellant was not removing any property from the building when he was stopped by Isidro. Officer Eugene L. Planas of the San Antonio Police Department saw the appellant at the front door of the building when he arrived at the scene. He testified that his investigation indicated that a can of candy had been moved from a shelf to a table near the door, and that a flashlight had been knocked over. Joe and Isidro stated that fingerprints had been taken, but none were introduced at trial. Officer Planas testified that the building was very dusty and thus his conclusion that appellant moved the candy was based on the patterns in the dust. However, Planas admitted he had no knowledge that appellant moved the items. There was no evidence offered as to when anyone had last been in the building.

Appellant requested that a charge on the lesser included offense of criminal trespass be included in the charge to the jury. The request was denied. Appellant asserts that the State failed to establish that appellant intended to commit a theft while inside the business, therefore, the evidence shows that if appellant was guilty of an offense it was only that of criminal trespass.

■■■ A person commits the offense of burglary if, without the effective consent of the owner, he enters a building, not then open to the public, with the intent to commit a felony or theft. TEX.PENAL CODE ANN. § 30.02 (Vernon 1974). Criminal trespass occurs if a person enters or remains on property or in the building of another, without effective consent, knowing that the entry was forbidden. TEX.PENAL CODE ANN. § 30.05 (Vernon Supp. 1985). Notice is defined in section 30.-05(b)(2) as: "... Fencing or other enclosure obviously designed to exclude intruders or to contain livestock...."

■■■ "In determining whether a charge on a lesser included offense is required a

two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense." *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981). A lesser included offense instruction is proper only where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser included offense. *Sansone v. State,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Watson v. State,* 605 S.W.2d 877 (Tex.Crim.App.1980); *Martinez v. State,* 635 S.W.2d 629 (Tex.App.— Austin 1982, pet. ref'd). Criminal trespass is a lesser included offense of burglary. *Roberson v. State,* 549 S.W.2d 749 (Tex. Crim.App.1977); *Day v. State,* 532 S.W.2d 302 (Tex.Crim.App.1976).

In the case before us, the State sufficiently established that appellant entered the building without the effective consent of the owner. The padlocked door through which appellant entered the building was an enclosure designed to exclude intruders which provided notice that entry to the building was forbidden. Entry with the intent to commit theft is the element that distinguishes burglary from criminal trespass. Intent is a fact question for the jury. *Robles v. State,* 664 S.W.2d 91 (Tex. Crim.App.1984).

Intent to commit theft may be drawn from the facts and circumstances surrounding the commission of the crime charged. *Williams v. State,* 537 S.W.2d 936 (Tex.Crim.App.1976); *Draper v. State,* 681 S.W.2d 175 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Evidence was presented at trial which would support a conviction for criminal trespass. However, appellant presented no evidence that suggests that if he was guilty, he was guilty *only* of criminal trespass. Rather, the evidence established that appellant was guilty of both criminal trespass and burglary with intent to commit theft. The fact that proof of a lesser included offense is established

does not require that a jury charge on the lesser included offense be given. *Aguilar v. State,* 682 S.W.2d 556 (Tex.Crim.App. 1985) (en banc).

A jury finding of intent will not be disturbed on appeal where there was no testimony or evidence to indicate that an entry was made for any reason other than to commit theft. *Stearn v. State,* 571 S.W.2d 177 (Tex.Crim.App.1978); *Warren v. State,* 641 S.W.2d 579 (Tex.App.—Dallas 1982, no pet.). Appellant brought forth no evidence to suggest that he was guilty only of the lesser offense of criminal trespass. Nor did the State's evidence raise such a suggestion. Therefore, it was not error to refuse a charge to the jury on criminal trespass.

Appellant's ground of error is overruled. The judgment is affirmed.