Terry Allen McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–918–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1988.

Jimmy James, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of burglary of a habitation with the intent to commit a theft. Appellant was found guilty by a jury and the court assessed his punishment, enhanced by one prior felony conviction, at eighteen years confinement in the Texas Department of Corrections. We reverse and remand.

Appellant asserts three points of error on appeal. In his first point of error, Appellant contends the jury charge is fundamentally defective because it instructs the jury that a person who enters a habitation at night is "presumed" to have entered with the intent to commit theft.

The intent to commit theft is an essential element of the offense of burglary, as charged in the indictment, and it must be proven beyond a reasonable doubt. *Greer v. State*, 437 S.W.2d 558, 559 (Tex. Crim.App.1969). The intent with which an accused entered the structure is a fact question which the jury may resolve from the surrounding circumstances. *Ortega v. State*, 626 S.W.2d 746, 749 (Tex.Crim.App. 1982). The Court of Criminal Appeals has recently held that a jury charge instructing the jury that the law presumes that a person who enters a habitation at night has the intent to commit theft constitutes a comment on the weight of the evidence and is error. *Browning v. State*, 720 S.W.2d 504, 508 (Tex.Crim.App.1986); *LaPoint v. State*, —— S.W.2d —— No. 227–86 (Tex. Crim.App. November 26, 1986) (not yet reported).

The relevant portion of the jury charge reads as follows:

> Where evidence of the act of breaking and entering a habitation shows to have occurred at nighttime, i.e. any time from thirty minutes after sunset to thirty minutes before sunrise, *it shall be presumed* that the person doing the breaking and entering did so *with the intent to commit the crime of theft;* however this presumption may be overcome by other evidence showing that the act of breaking and entering was not done with the intent to commit the crime of theft.

> The jury is instructed relative to this presumption, as follows:

> (A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

> (B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

> (C) that even though the jury may find the existence of such element, the State must prove beyond a reasonable doubt each of the other elements of the offense charged; and

> (D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

We hold that the charge is an improper comment on the weight of the evidence and the trial court erred in submitting it to the jury. *See Pennock v. State*, 725 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

Appellant made no objection to the charge at trial; therefore, he will be entitled to reversal only if the error amounts to fundamental error under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (opinion on rehearing). Appellant must show that the trial court's inclusion of the defective instruction was an error so egregious and harmful that Appellant has not received a fair and impartial trial. *Almanza v. State*, 686 S.W.2d at 171. In determining the degree of harm suffered, the reviewing court must consider the record as a whole including the entire jury charge, the evidence adduced at trial, and the arguments of counsel. *Almanza v. State*, 686 S.W.2d at 171; *Pennock v. State*, 725 S.W. 2d at 416–417.

The record reveals that *intent* was the only contested issue at trial. Appellant and the complainant were neighbors and complainant and her husband were close friends with Appellant's parents. The complainant testified that at 1:00 A.M. she was awakened by a noise, investigated, found nothing and returned to bed only to hear the noise again. She described the noise as the sound someone wearing tennis shoes would make climbing a wooden fence. She stated that the sound came from the fence near her bedroom window. She then heard something in the kitchen, got up, turned on the kitchen light and discovered Appellant crouching beside the stove. She testified that the Appellant immediately stood up

and told her he followed a man into her house.

The complainant's husband responded to her screams, found Appellant and asked him why he was there. Appellant replied, "I followed a little man in here. I am trying to protect you. I can't believe she is calling the police when I am trying to protect you." The complainant's husband looked but found no one else in the house. The police searched the house and found no other intruders. No property had been moved or stolen. Entry was made by a kitchen window and the screen was removed. The plants which had been on the window sill were moved to the outside sill.

During voir dire the prosecutor explained the "presumption" to the jury:

[I]n the law of burglary there is a presumption that if a burglary occurs at night time and it is an uninvited entry let's say, and it occurs at night time, there is a presumption that there was an intent to steal ... So, say for example Ms. Earle and her family went on vacation and they arrived back home at say 2:00 o'clock in the morning, and before they left they made sure everything was locked up and they didn't give anybody permission to enter their home. As soon as they walk in and put the key in the door they hear a noise and look up and there I am standing in the living room. It so happens just before Ms. Early [sic] and her family arrived home I just got there and had not had time to gather up the things I intented [sic] to steal or moved anything out of place ... Say you catch me in your home and you catch me before I have a chance to do something else. Perhaps I came there to assault you, but the law gives a presumption that if a burglary occurs at night time there is a presumption of intent to steal, although I may have gone in with the intent to do something else. Otherwise, if someone is caught in your house at night time and there is not that presumption and I didn't touch anything, the only thing I could be prosecuted for is criminal trespassing.

The court interjected a brief explanation that this was a "rebuttable presumption"

and the prosecutor continued with an additional example closely resembling the facts present in this case. Also, during final argument, the prosecutor again stressed the presumption of intent to commit theft and emphasized that before the jury could disregard the presumption there had to be evidence rebutting it. She argued that there was no such evidence. Appellant's requested charge on criminal trespass was denied.

■ The evidence clearly showed that Appellant was in the house, without consent and at night. The charge on the presumption of intent to commit theft *required* a verdict of guilty. The prosecutor's voir dire and final arguments further compounded the error. The result was to force the jury to use the "presumption" to prove an essential element that was lacking in the State's case. We find that the improper presumption, the omission of a charge on criminal trespass, the prosecutor's arguments and the total absence of evidence of "intent to commit theft" combined to cause Appellant egregious harm. We sustain Appellant's first point of error.

Our disposition of this point of error renders it unnecessary for us to address Appellant's remaining points of error.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.