Affirmed and Memorandum Opinion filed December 11, 2008








Affirmed and Memorandum Opinion filed December 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00874-CR

____________

 

HAROLD JAMES BRADFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 1096609

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
Harold James Bradford, appeals from his conviction for burglary of a
habitation.  A jury found appellant guilty and, after finding two enhancement
paragraphs to be true, assessed punishment at twenty-five years in prison.  In
a single issue, appellant contends that the evidence is legally and factually
insufficient to sustain the conviction. We affirm.








 

Background

Viola Jackson testified that on November 17, 2006, around
9:30 p.m., she was on her couch watching television when she smelled smoke
inside her home.  Jackson lived alone in the house.  She began to look for the
origin of the smoke, and when she looked in what she called Athe first bedroom,@ she saw a young
man, whom she later identified as appellant, leaning against a wall.  Jackson
said that he looked like he was trying to hide behind the door.  She continued
to smell something burning, Aa sweetish, stinky smell.@  She said that
she guessed it was marijuana.  When the prosecutor asked Jackson whether she
had smelled marijuana before that night, she responded that she thought she
had, and the odor she smelled that night was similar to it.

Jackson asked appellant why he was in the room, and
appellant replied that he had come Ato see about
[her].@  Jackson then
told appellant to get out of her house.  She said that he had entered the room
through a window and had not previously knocked on the door to the house that
day or rung the doorbell.  She had not given him permission to enter.

In describing the bedroom, Jackson stated that she does not
sleep in the room, but that it did have a bed in it as well as a dresser and a
television stand with a television on it.  She said that she entered the room
on a daily basis to get things she keeps in there such as clothes and books. 
She specifically remembered going into the room on the morning of the day in
question.  She said that the window through which appellant had apparently
entered had previously had a single pane broken in it, and the pane had not
been fixed by the date of appellant=s entry.








After appellant exited through the window, Jackson looked
around the room, noticed the television was no longer in the room, and called
the police.  She also noticed that a cigarette and a plastic ashtray were on
the dresser in the room.  She said that Ait smelled like
the stuff that I smelled.@  She had never seen the items before and
thought they came from appellant.  Jackson further noticed that the mirror
attached to the top of the dresser had been slid to the side, where it had
previously been in front of the window.

Jackson stated that she knew appellant before this incident
as someone who lived on her street.  Jackson acknowledged that at no point did
she see appellant with the television, but she said that it was missing as soon
as he left the house.  The next day after the incident, another person who
lived on the street, near where appellant lived, brought the television back to
Jackson.  Jackson did not see anyone else inside her home except appellant on
the night in question, and she did not hear anyone else talking inside the
home.

 During cross-examination, Jackson said that she thinks she
was probably at home the entire time on the day in question.  She acknowledged
that during prior testimony (in a proceeding which resulted in a mistrial) she
did not say either that the odor she smelled was like marijuana or that
appellant looked like he was hiding behind the door when she first saw him in
the room.  She described the break in the window pane as being not very big, Ajust a crack,
about half of the window pane.@  She further said that appellant pulled
the window closed after he exited.  While Jackson insisted she had been in the
bedroom that morning, she admitted that she did not recall noticing whether the
television was on the stand at that time.








Officer Michael Houston of the Houston Police Department
testified that on November 17, 2008, around 10 p.m., he was dispatched to Viola
Jackson=s house.  Upon
inspecting the room where the entry allegedly occurred, Houston noticed that
the mirror on the dresser had been pushed forward and that the window behind
the dresser was broken.  He believed that the window was broken Aby the lock,@ apparently
meaning near the lock.  Houston did not smell marijuana in the room or observe
anything burning in the room, but Jackson did report to him that she had
smelled smoke earlier.  Jackson also stated that a television had been taken
from the room.  Houston did not collect any fingerprints from the residence;
however, he was able to determine a suspect=s name from
information given by Jackson.  Officer Eric Brown, also of the Houston Police
Department, testified that he presented a photo array to Jackson on December 8,
2006, and she selected appellant=s photograph as
being of the person who entered her home on November 17.

Analysis

In his sole issue, appellant contends that the evidence is legally and factually insufficient
to uphold his conviction for burglary.  Because appellant does not
differentiate in his arguments between the differing standards for legal and
factual sufficiency analysis, we will address the arguments altogether while
keeping in mind the distinct standards of review.  Among other methods, a
person commits burglary if, without the effective consent of the owner, he or
she enters a habitation with intent to commit theft.  Tex. Penal Code ' 30.02(a)(1).  This is the form of
burglary for which appellant was convicted.

In a
legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and determine whether a trier of fact could have found
each element of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim.
App. 2000).  The jury is the exclusive judge of the credibility of witnesses
and of the weight to be given to their testimony; it is within the exclusive
province of the jury to reconcile conflicts in the evidence.  Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  Thus, when performing a
legal sufficiency review, we may not reevaluate the weight and credibility of
the evidence and substitute our judgment for that of the fact-finder.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  We must resolve any
inconsistencies in the testimony in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








In a
factual sufficiency review, we consider all of the evidence in a neutral light,
favoring neither party.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App.
2005).  We then ask whether (1) the evidence supporting the conviction,
although legally sufficient, is nevertheless so weak that the jury=s verdict seems clearly wrong and
manifestly unjust, or (2) considering conflicting evidence, the jury=s verdict is against the great weight
and preponderance of the evidence.  Watson, 204 S.W.3d at 414-15, 417; Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Additionally, we must
give due deference to the jury=s determinations, particularly those concerning the weight of
the evidence and the credibility of witness testimony.  See Johnson, 23
S.W.3d at 8-9.

Appellant specifically contends that the evidence is
insufficient to establish his intent to commit theft.  He argues that his mere
presence in the home was not enough to establish such intent.  He emphasizes
that he was never seen with the television and that Jackson admitted he had
nothing in his hands when he left the residence.  Appellant contends that, at
most, the evidence demonstrates he entered with the intent Ato either smoke
marijuana, or >hang out= in the bedroom.@  It is
well-settled in Texas that the issue of the intent with which a person entered
a building is a fact question that the jury may resolve from the surrounding
circumstances.  Ortega v. State, 626 S.W.2d 746, 749 (Tex. Crim.
App.1982); McDonald v. State, 750 S.W.2d 285, 286 (Tex. App.CHouston [14th Dist.]
1988, pet. ref=d).  Indeed, where, as here, the facts establish a
nonconsensual nighttime entry of a home, reviewing courts indulge in a presumption
of an intent to commit theft.  See Brown v. State, 122 S.W.3d 794,
799-800 (Tex. Crim. App. 2003); Mauldin v. State, 628 S.W.2d 793, 795
(Tex. Crim. App. 1982); see also Stearn v. State, 571 S.W.2d 177, 178
(Tex. Crim. App. 1978) (Athe jury=s finding of
intent to steal [under such circumstances] will not be disturbed on appeal
where there is no testimony to indicate that the entry was made with any other
intent.@).[1]








Here, the evidence clearly demonstrates that appellant made
a nonconsensual nighttime entry of Jackson=s home.  The only
suggestions in the record that appellant may have had other motives for entry
come from Jackson=s testimony indicating that appellant may
have been smoking marijuana while in the home and her testimony that appellant
said he was just there Ato see about [her].@  However, it was
well within the jury=s authority as factfinder to weigh these
possible explanations against the circumstances of a nonconsensual nighttime
entry through a bedroom window and the fact of the missing television.  Under
these circumstances, the jury was well within its authority in finding that
appellant possessed an intent to commit theft.  Accordingly, the evidence was
legally and factually sufficient to sustain the verdict, and we overrule
appellant=s sole issue.[2]

We affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 11, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Note, however, that this presumption is not one that
the jury should be instructed on in the charge; it is up to the jury to
determine whether those circumstancesCnonconsensual
nighttime entry of a homeCare sufficient to support a conviction beyond a
reasonable doubt in any particular case.  See Aguilar v. State, 682
S.W.2d 556, 558 (Tex. Crim. App. 1985).





[2]  The cases appellant cites are inapposite.  For
example, appellant cites Flores v. State, 902 S.W.2d 618 (Tex. App.CAustin 1995, pet. ref=d), for the proposition that the State is required to prove that the
defendant had the specific intent to steal a particular item.  That case,
however, involved an allegation of burglary by entering a building and
attempting to commit theft.  Id. at 619.  As discussed in detail
above, appellant in the present case was charged with burglary by entering with
intent to commit theft; thus, the State here did not have to prove an
actual attempt to steal any particular item, just the general intent to steal. 
See, e.g., Mauldin, 628 S.W.2d at 795; Stearn, 571 S.W.2d at 178.

Appellant also argues that to support the
verdict, circumstantial evidence must exclude every reasonable hypothesis
except guilt, citing Dickey v. State, 693 S.W.2d 386 (Tex. Crim. App.
1984), and Young v. State, 731 S.W.2d 172 (Tex. App.CDallas 1987, no pet.).  However, as the State points
out, these cases predate the Court of Criminal Appeals decision in Geesa v.
State, which eliminated the Areasonable
hypothesis analytical construct@ in
circumstantial evidence cases.  820 S.W.2d 154, 155, 161 (Tex. Crim. App.
1991), overruled in part on other grounds, Paulson v. State, 28
S.W.3d 570 (Tex. Crim. App. 2000).